### John Madden *vs.* Charles E. Brown & another.

A consent to be defaulted and offer of judgment, under Gen. Sts. *c.* 129, § 62, filed by a defendant during vacation, and continuing on file until the next term of the court wherein the action is pending, takes effect on the first day of that term, and is to be entered of record as of that day; and if the plaintiff, having notice of the offer, does not elect to accept it, but proceeds to trial and recovers judgment for a less sum, exclusive of interest from the date when the offer took effect, than the sum offered, he is entitled to his costs only to that date, including travel and term fee for that term, and the defendant is entitled to costs thereafter.

Contract. In the superior court, on October 30, 1865, being in vacation after said October term of that court, the defendants filed their written consent to be defaulted, and offer of judgment n favor of the plaintiff " to the amount of one hundred and twenty dollars, with costs to be taxed." The plaintiff did not elect to accept this offer, and on the trial of the action at October term 1866 he recovered ninety-four dollars and seventy-five cents, damages. On the taxation of costs, the clerk allowed costs to the plaintiff to the time of judgment, and disallowed a claim of the defendants for costs from the date of filing their offer ; and the defendants appealed to the court, which overruled the decision of the clerk, and allowed to the plaintiff costs " from

Madden *v.* Brown & another.

the beginning of the action to the offer of judgment," and allowed to the defendants costs thereafter; and thereupon the plaintiff appealed to this court. The two sections of chapter 129 of the General Statutes, quoted in argument by counsel and cited in the opinion of this court, are printed as a note to this page.*

*G. M. Stearns & M. P. Knowlton,* for the plaintiff. The language of Gen. Sts. *c.* 129, § 62, requires the defendant to " offer in court." This requirement is something more than and different from the " consent in writing" also required. Filing a paper in vacation is not an " offer in court." The statute says, " The court shall render judgment accordingly." At the time of filing the paper, there was no court in session to render judgment, and a judgment at the next term would not have been " accordingly." The statute contemplates an offer of which the plaintiff can immediately avail himself. The words, " the court," in the last sentence of § 62, contemplate a term in session at which decrees may be passed, and their meaning is the same in all parts of the section.

*C. A. Beach,* for the defendants.

BIGELOW, C. J. It is true that the statute by its terms requires that an offer of judgment and consent to be defaulted

---

* The General Statutes, *c.* 129, §§ 62, 63, are as follows:

§ 62. " When a defendant in an action at law or suit in equity, wherein damages only are sought to be recovered, offers in court and consents in writing to be defaulted, and that judgment shall be rendered against him, as damages for a sum therein specified, the same shall be entered of record, together with the time when it was tendered; and the plaintiff may, at any time within ten days after he has received notice of such offer and consent, accept the offer, and the court shall render judgment accordingly, with costs to the date of the notice. If, after such notice, the court shall for good cause grant the plaintiff a further time to elect, he may signify his acceptance within the time allowed, and judgment shall be rendered as if the acceptance had been within ten days."

§ 63. " If the plaintiff does not elect to accept such offer, and shall not recover a greater sum than the sum so offered, not including interest on the sum recovered in damages from the date of the offer, the defendant shall have judgment for his costs after said date, for which execution shall issue, and the plaintiff, if he recovers damages, shall be allowed his costs only to the date of the offer "

should be made in court. Gen. Sts. *c.* 129, § 62. Such offer filed in vacation would not be a compliance with this provision. The plaintiff could not then avail himself of it to obtain a judgment, if he should elect to accept it. But when the offer is filed in vacation and continues on file till the next term, it then becomes operative, and should be entered of record as of the first day of that term. The plaintiff can then, if he sees fit, accept the offer and have judgment accordingly. If he fails to do so in conformity to the provisions of the statute, he will be liable to costs from that time, in the event that he does not recover a greater sum than that offered, exclusive of interest. Gen. Sts. *c.* 129, § 63. It is not alleged in the present case that the plaintiff did not receive due notice of the filing of the offer of judgment. We are therefore of opinion that the offer is to be taken as having been made " in court" on the first day of the term next after it was filed in the clerk's office, and that the plaintiff is entitled to his costs for travel and term fees for the previous terms and for that term, and that the defendant is entitled to costs for the subsequent terms during which the action remained in court.

*Taxation ordered accordingly.*