## No. 5201.

### J. H. MITCHELL, EXECUTOR, VS. ABRAHAM LEVI.

A bill of exception to evidence, on the ground that it seeks to reopen issues that have been settled by a previous judgment, will not be sustained, except on the basis of a plea of *res adjudicata*. Unless that plea has been specially made the evidence will be admitted.

Where a debtor puts notes due him by a third party into the hands of his creditor, as collateral security, and the creditor, with the *consent* of *debtor*, delays action on the notes until the maker of them becomes bankrupt, the loss must fall on the debtor.

A PPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. John Ray*, for appellant. *Race, Foster & Merrick*, for appellee.

MORGAN, J. John Liles owed A. Levi $7861 27, for which amount Levi had obtained judgment. Liles died, and Mitchell was appointed dative testamentary executor of his will. Levi called upon the executor for an account, which he was ordered to present, and which he did present. In the petition accompanying the account Mitchell denied that the estate which he represented was indebted to Levi. He alleged that Liles had delivered to Levi two notes due to him (Liles) by one William Hogan, of five thousand dollars each, as security for the payment of the debt due by him to Levi; that Levi obtained judgment upon these notes in his own name, and granted a stay of execution thereon; that these notes exceeded by three thousand dollars the sum due by Liles to Levi.

No judgment was asked against Levi for the balance alleged to be due to the estate.

Levi answered the petition which accompanied the account. He averred that the Hogan notes were left with him as collateral security by Liles for the amount due by him; that he retained the notes until he placed them in the hands of an attorney for collection, with instructions that if Liles paid what he owed the notes of Hogan were to be returned to Liles; that Liles confessed judgment in favor of Levi, and requested the attorney to sue Hogan in Levi's name, so that the money he would receive from Hogan would assist him in paying Levi; that he, Levi, never received any thing from Hogan; that Hogan, subsequent to the judgment against him, and shortly after the first payment thereon became due, went into bankruptcy, and that the judgment against him is worthless.

Upon these issues the case was tried in the parish court of Ouachita. The judge dismissed the opposition of Levi, on the ground that he had not used proper diligence to collect the Hogan judgment, and reserved the right of the administrator of the succession of Liles to recover from Levi the difference between the amount of the judgment, interest, and costs which he obtained against John Liles in his life-time and the amount of the judgment, interest, and costs which he had obtained against William Hogan.

Mitchell vs. Levi.

On appeal, the judgment of the parish court was affirmed by this court.  See 24 An. p. 324.

The object of this suit is to recover from Levi the difference between the amount due by Liles to him and the amount due by Hogan to Liles, viz.: $3016 70, with eight per cent interest from the twenty-sixth of April, 1866.

Defendant admits that in the year 1862, and during the late war, he received from Liles the notes made by William Hogan, but he says that one of the notes was past due when they were given to him, and that the other about a year thereafter; and he avers that he received them as a special favor to Liles, who, with Hogan, went into the Confederate lines, while he, Levi, remained within the Federal lines; that when the war ended, Liles being indebted to him, and. being anxious to obtain an extension of time for the payment of his debt, and not wishing to sue his neighbor, Hogan, in his own name, desired him, respondent, to institute the suit, and to place them in the hands of a certain attorney, who was also the attorney for Liles; that the suit was brought in his, respondent's, name at the request of Liles, and as a favor to him, at the same time that it was, to stand as a collateral to secure the payment of the debt due by Liles to him, and they were placed under the control of the attorney, who appears to have been counsel for all the parties to these transactions.  He avers that in April, 1866, Hogan, with the consent of ·Liles, confessed judgment in his, respondent's, favor, with stay of execution to the tenth day of March, 1867, 1868, 1869, respectively, which was nearly the terms of the judgment rendered in favor of the respondent against Liles, and that whatever indulgence was granted by him to Hogan was granted with the consent of Liles; he avers that on the thirteenth of March, 1868, Hogan having neglected to pay, execution issued against him, and his estate was seized, but that on the eleventh of April, following, he went into bankruptcy, and was subsequently declared a bankrupt; that upon his schedule he valued his real estate at $6710, and the notes due him at $206 70, his furniture at $73, his horses, mules, and cows at $760, and farming implements at $134; that the lands sold for $2000 and the cattle for $250, the whole of the proceeds being consumed in costs and charges, not even leaving enough behind to pay the taxes, much less Hogan's ordinary creditors, and that he, respondent, had no power to prevent these proceedings in bankruptcy.  He avers that, admitting his agency and responsibility thereunder (which he denies), at no time since the close of the war was Hogan's property of sufficient value to pay his debt to Liles and the privileges resting upon it, and· he says that the allowance of credit already made to Liles's estate, and against him, is greater than the value of any property, rights, or credits of

Hogan which could have been made available toward the payment of the debt due by Liles to him.

Upon this state of pleading the case was tried. From a judgment in favor of the defendant plaintiff has appealed.

On the trial of the case in the district court the defendant offered evidence in support of the allegations in his answer, and to show that the claim of the plaintiff against him was not legal or just, to the introduction of which plaintiff objected, on the ground that in the case of the succession of Liles all the questions raised in this case, and particularly the question as to whether the defendant was indebted to Liles's estate on account of his laches in not collecting the notes due by Hogan and held by Levi as collateral, had been decided, and that that question was *res judicata* between the parties. The district judge permitted the evidence to be introduced, and the plaintiff reserved his bill of exception.

The first question to be determined is whether or no the district judge erred in allowing this testimony to be received in evidence. It seems to us that a simple fact shows the correctness of his ruling. It is that the plea was not made. The plea of *res judicata* is a peremptory plea, and may be made at any stage of the proceedings, *but it must be pleaded.* See Hennen's Digest, vol. 2, p. 1168, No. 1. There is no such plea in the record. It is true that the objection to the introduction of the testimony was based upon the fact that the matters sought to be investigated had already been passed upon, and had obtained the authority of the thing adjudged. But reasons, however valid, can not take the place of a plea, and it is the plea which, if well made, is the bar to the investigation of the subject which is submitted to the judge for his examination and decision.

But, if we pass from this point of view to another, it is still evident that the district judge ruled correctly. The basis of *res judicata* is a judgment. In the case before us the defendant is sought to be made liable for a sum of money. There has never been any judgment against him condemning him to pay any sum. If there had been, there would have existed no necessity for this suit. In the succession of Liles he claimed from the executor the payment of a sum of money. The court decided that he had no claim, because, acting as the agent of Liles, he had caused him damage exceeding the amount of his claim. But no judgment was asked against him, and no judgment was rendered against him. The right of the succession to proceed against him was reserved, but so, also, we apprehend, was the right of defense reserved to the defendant. In so far as the succession of Liles is concerned, the decision that it owes the defendant nothing has become final, but whether the defendant owes the succession of Liles any thing is a question the right to investigate which was reserved, and is the one which we are now to de-

termine. Whether he is liable or not depends entirely upon whether he was guilty of laches in the exercise of his agency. This is a new suit, instituted to make him responsible therefor. And this suit the defendant has the same right to defend that the plaintiff had to bring it.

On the merits, the evidence satisfies us that in the litigation between Levi and Hogan Levi acted in the interest of Liles, and that whatever he did as regards the judgment obtained against Hogan, and the time granted to him, was done with the knowledge and approval of Liles. We are also of opinion that at no time after the judgment rendered in favor of Levi against Hogan, and before execution issued thereon, would his property have produced, under a forced sale, any thing like the sum due by Liles to Levi.

We are also of opinion that Levi did all that it was in his power to do to realize the judgment; that the delay granted to Hogan was granted with the consent of Liles; that Hogan's going into bankruptcy was beyond Levi's control, and that this proceeding on Hogan's part stopped all proceedings against him on the judgment obtained by Levi. We are also of the opinion that issuing execution was as far as Levi could go, for once the property of Hogan was in possession of the courts of the United States, we do not see how the sheriff, to whom the writ of *fieri facias* issued, could get it back. In Flower vs. McMiken, 2 N. S. 132, the defendant was held liable because after having issued execution, which was returned *nulla bona*, he failed to issue a *ca. sa.* But the law at that time authorized a party to issue such a writ. Now he has no such right. The defendant was there held responsible because he had not exhausted the remedies granted by law. Here the remedies were all exhausted.

We do not dispute the doctrine contended for by plaintiff, and recognized in Collins vs. Andrews, 6 N. S. 195, and other authorities, that it is the duty of an agent to prove the facts which will discharge him from liability, but we think in the case before us that this proof has been made:

First—By the testimony, which shows that whatever the defendant here did was done with the knowledge and approval of Liles;

Second—By the fact that he was stayed in his proceedings by a superior authority; and

Third—That at no time after the suit was brought against Hogan would his property have sold for enough to pay the debt due by Liles to the defendant.

We do not think that Liles or his succession has suffered any loss by reason of Levi's conduct, and are therefore of opinion that the judgment of the district court should be affirmed.

Judgment affirmed.

The Chief Justice dissents, and will file his reasons hereafter.