Maclin vs. New England Mutual Life Insurance Company.

## No. 6706.

SUSAN S. MACLIN VS. THE NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY.

| 33 | 801 |
|----|-----|
| 44 | 331 |
| 33 | 801 |
| 108 | 690 |

After introducing in evidence, without any qualification, the certificate of the medical examiner, Defendant should not be permitted to impeach its integrity or assail the correctness of its statements.

A strong *prima facie* case made out by Plaintiff, cannot be defeated by conflicting evidence.

APPEAL from the Fourth District Court for the parish of Orleans. Houston, J.

---

*Thos. J. Semmes* for Plaintiff and Appellee :

First—A party to a cause who, without reservation, introduces in evidence an official certificate, cannot impeach its integrity or the truth of its statements.

Second—The father of the insured died of Bright's disease of the kidneys. Defendant company accepted an application in which it is stated the father died of paralysis. The company is estopped to avoid the policy on the ground of misstatement, paralysis not being a disease but the consequence thereof, and the insured not knowing his father died of Bright's Disease. This is so, even if the insured has guaranteed the truth of his statement.

*Bayne & Renshaw* for Defendant and Appellant:

An applicant for insurance upon his life who makes statements as to his health, or as to the cause of death of his parents in his application, upon the faith of which a policy of insurance issues, and which he warrants to be true, is bound by the same, and if such statements are not true, the policy is vitiated and becomes null and void.

Parties have the right to make statements in their application for insurance a part of their contract and to warrant that they are true; such warranty must be literally and strictly complied with.

Such warranty is not avoided by a suggestion that the applicant believed the statement to be true—the express warranty being that the statements are in all respects true.

A medical examiner, who wrote a certificate appended to an application for insurance, should be allowed to state that he did not write certain words found in the certificate and that these words were not true.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff, as beneficiary, claims $5000, as the amount of a policy of insurance issued by the defendant company on the 13th of April, 1874, by which the life of her son, John D. Maclin, was insured for her benefit.

He died on the 15th of September, 1875, sixteen months after the insurance had been obtained and the policy issued.

On defendant's refusal to pay, this suit was brought.

The grounds of resistance are : that several of the answers made by Maclin to the interrogatories propounded to him, at the date of his application, were *untrue*. It is charged that he stated that he had had children's diseases and none others; whereas, in truth, at the time, to his knowledge and that of his physician, he had Bright's disease of the

51

kidneys; that he said he had never undergone any medical examination except on children's diseases, whereas, in fact, he had been examined for Bright's disease; that he had stated that his father had died of *paralysis*, whereas, in truth, he had died of Bright's disease of the kidneys; that, in the medical examiner's certificate appended to the application, the words "*urine examined*" were not written by the examiner, and that no examination was made.

After hearing, the lower court gave judgment for plaintiff, and the defendant has appealed.

The evidence shows the insurance and the death. It establishes *prima facie* plaintiff's case. The record discloses, however, that on information accidentally received by the agent of the company here from a brother of the insured and otherwise, that their father had died of *albuminuria*, and that J. D. Maclin was himself afflicted with the disease, and had been suffering from it possibly for eighteen months, the facts were brought to the knowledge of the company, who answered requiring return and cancellation of the policy on account of the misstatement of the cause of the father's death, and directing the agent, in case of refusal, to notify the insured that in the event of loss no payment would be made. Upon notification and refusal, Maclin was informed that the policy was avoided.

It is claimed that the objection taken to one defect waives all others and, consequently, that the resistance of the company must be restricted to that objection which relates to the misstatement of Maclin touching the cause of his father's death; Bliss Ins. sec. 263; 17 Iowa, 176; but we deem it immaterial to determine the point.

Some twenty witnesses were heard below on behalf of both parties. We do not find that it establishes that Maclin knew, at the date of his application, that he was afflicted with the stated disease, or even that, in point of fact, he so was.

The family physician, Dr. Holliday, whose testimony, covering some fourteen pages, is uncontradicted and unimpeached, and to which we attach great weight, distinctly says that he could not make the assertion that Maclin had *albuminuria* on April 4th, 1874. He explains how the certificate which he gave on the subject is not binding, and does not shake his statement.

It is not shown that Maclin was under treatment for the disease in question prior to, or at the time of, his application. The medical examiner's certificate annexed to the application, which was in defendants' possession and which was introduced in evidence by them, shows that the urine of the applicant was examined. After introducing it in proof, without any qualification, the company could not be permitted to impeach its integrity, or assail the correctness of its statements. The

court properly ruled out the attempts to explain, contradict or impugn its recitals.

The question of date is a material one, and is not settled differently by the declaration of the other witnesses, which, to some extent, are neutralized by adverse testimony. The depositions are somewhat conflicting, but they could probably be reconciled favorably to the pretensions of the plaintiff. Whatever they be, they are not such as can defeat the strong *prima facie* case made out by the plaintiff, in whose favor the balance of probabilities more than preponderates.

Neither do we find that Maclin misstated the cause of his father's death, of which he was not aware. He declared that which he had heard and seen, and thought was the truth, namely: that his father died of paralysis, which is a *symptom* and not a *disease*. This declaration was sufficient to put the company upon inquiry into the *cause* of the *effect*.

Under the circumstances of this case, we think, with the District Judge, who saw and heard the witnesses and who could well appreciate their testimony, that the company is liable.

96 U. S. 242; 97 Mass. 148; 23 Conn. 244; Bliss Life Ins., sections 261 263.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed with costs.

Rehearing refused.