Statement of the Case.
MONROE, J.
Norman F. Thompson, the plaintiff herein, was proceeding, via executiva, to sell certain property in the parishes of Bossier and Caddo in satisfaction of a claim secured by what he asserted to be a first mortgage. Mesdames Scovell and Gaines intervened, setting up a claim against the property (the nature of which may be ascertained by reference to the opinions and decrees of this court in the cases of Scovell et al. v. Heirs of Levy, 106 La. 118, 30 South. 322, and Thompson v. Vance et al., 110 La. 26, 34 South. 112), and praying that the same be paid from the proceeds of the property by preference over that of Thompson.
Whilst the litigation was pending, the property was sold, and, including certain rentals which had been collected, there came into the hands of the sheriff a fund of between $14,000 and $16,000, and thereafter the district court decided that Thompson’s claim should be paid by preference over that of the interveners, who thereupon appealed, and lodged their appeal in this court in March, 1902. Pending the appeal so taken, to wit, in January, 1903, the heirs of Levy filed an opposition in the district court, in which they set up a claim for $9,000, with interest, which they allege was secured by mortgage and vendor’s lien on the property in question; and they further allege that Mesdames Scovell and Gaines are asserting that the Thompson mortgage is of no effect as against said property, and, if that be so, that they (opponents) should be paid the entire proceeds thereof, but that in any event they should be paid whatever amount may be left after payment of the Thompson claim; and they pray that plaintiff, defendant, and interveners be cited, and that there be judgment awarding them (opponents) either the entire proceeds of the property, or else the surplus which may be left after payment of the Thompson claim.
Whilst the matter was in t hat condition, to wit, in March, 1903, Jud¡. e Moore of the Court of Appeal, who had been called to the aid of this court, handed down an opinion and decree (from which Mr. Justice Breaux and the present writer dissented) reversing the judgment of the district court in the case then pending on appeal, and decreeing that Mesdames Scovell and Gaines are entitled to be paid the amount of their claim by preference over the claim of Thompson. And thereafter, to the opposition of the heirs of Levy, pending in the district court, Thompson filed a pica of estoi>pel as against the claim for preference, alleging that the opponents had recognized the precedence in rank of his mortgage; and Mesdames Scovell and Gaines answered thereto that they had never denied the validity of Thompson’s mortgage, but had merely demanded a preference for their own claim, admitting that the opponents have a mortgage next in rank to Thompson’s, and alleging that- they have no objection to its being satisfied in that order, in accordance with the judgment of this court, i. e., the judgment above mentioned (reported in 110 La. 112, 34 South. 112), whereby the Thompson mortgage is subordinated to their claim. Upon the trial of the issues thus made up, the heirs of Levy offered in evidence the record, including all documents and the decrees of the district and supreme courts, in the suit of Mrs. Mary Lee Scovell et al. v. Heirs of Levy (reported in 106 La. 118, 30 South. 322), which offer was objected to by Thompson on the ground that the matter offered was res inter alios acta as to him, and by Mesdames Scovell and Gaines on the ground that such matter was irrelevant to the issue presented by the pleadings; and, the objections having been overruled, bills of exception were reserved. There was also offered the record in the present suit, that is to say, the proceedings prior to the intervention of the heirs of Levy,-together with the decree as above referred to, and, after hearing, the judge a quo rendered the following judgment, to wit:
“It is hereby ordered that the rank of claims be thus established: The cost of seizing and selling the property, that is, 117/i2s of the land, be first paid; second, the taxes *551 thereon to he paid; third, the one-fourth of the amount remaining to be paid to Mrs. Mary Lee Scovelí and Mrs. Yinnie Ziegler Gaines (% each); fourth, Norman E. Thompson to be paid; next, the amount shown by the writ issued under the amended petition and order of seizure and sale against S. W. Yance; fifth, the debt as shown by the two notes and mortgage of S. Levy, Jr., to be paid after the debt of Norman E. Thompson is paid.”
From the judgment so rendered, the heirs of Levy are prosecuting the present appeal. In this court the following agreement, duly signed by the, attorneys for the appellants, has been placed of record:
“The heirs of S. Levy, Jr., third opponents herein, do not contest the right of Norman F. Thompson to be paid by preference over all persons whomsoever out of the proceeds of the property now in the hands of the sheriff of Bossier parish under writ of seizure and sale in this suit, but do claim to be paid, in extinguishment pro tanto of their mortgage debt set up in their petition of intervention and third opposition in this case, the amount heretofore adjudged to Mrs. Mary Lee Ziegler, wife of Gustis Scovell, and Mrs. Yinnie Ziegler,' wife of Charles Gaines, to wit, one-fourth of the entire fund now in the hands of the sheriff of the parish of Bossier, and arising from the seizure and sale of the property foreclosed in this suit, after deducting therefrom all taxes due on the property, costs of court, and other expenses necessary to the seizure and sale of the property. The rights of plaintiff and appellee herein to claim, by rule or other appropriate proceeding, the payment from said fund by preference, by reason of the state and parish taxes alleged to have been paid by him, being reserved.”
To the filing of this instrument Mesdames Scovell and Gaines, through their counsel, objected, in so far as it might be supposed to affect their interests, on the ground, as stated by them, that: “We contend that, in the petition of third opponents, heirs of Levy, it is not asked that they be paid the one-fourth of the proceeds of sale which the court decreed should be paid to third opponents, Mrs. Scovell and Mrs. Gaines, whereas in said agreement it is stated the contrary is true.”
And the agreement was permitted to be filed subject to the objection. '
Opinion.
The sole issues tendered by the opposition filed by the heirs of Levy were, and are, whether their claim shall be paid from the fund in the hands of the sheriff by preference over the claim of the seizing creditor, or, if not, whether it shall be paid immediately after that of the seizing creditor? The allegations of the petition are:
“That in said suit [referring to the present suit] third opponents, Mrs. Gaines and Mrs. Scovell, contest the legality of the plaintiff’s mortgage, and assert that same is ineffective as against' the said real estate, and, if that be true, then your petitioners are entitled to be paid the entire proceeds of said sale on their said mortgage debt as herein-above set forth; but, in any event, have the right to be paid whatever amount remains after payment of said plaintiff’s mortgage, applying to said plaintiff’s mortgage the rents and revenues collected as aforesaid. That petitioners desire to assert their said mortgage rights by way of intervention and third opposition.”
As a matter of fact, Mrs. Gaines and Mrs. Scovell were not attacking the validity of Thompson’s mortgage; they were merely claiming a preference, the prayer of their petition being:
“That they have judgment recognizing their preference to have their judgment claim of $20,400 paid, out of the proceeds of the property sold, before the claim of said Thompson, or any other debt contracted after the dissolution of the community that existed between their parents.”
The present opponents, therefore, entered into an existing litigation concerning a fund then in the hands of the sheriff, in which the issues had been made up, passed on by the district court, and taken by appeal to this court, and in which the sole question to be decided was which of the two claims there asserted should be paid by preference over the other from the fund in question; and they contented themselves with asking that they be paid by preference over, or next after, one of the contesting parties, to wit, Norman F. Thompson. They now admit that their claim is not entitled to preference over *553 the claim of Thompson, but that, if paid at all, it'must be paid from any balance which may he left after the payment of his claim. It is true that there had been a previous suit, to which Thompson was not a party, between the heirs of Levy and Mesdames Scovell and Gaines, which had resulted in a judgment to the effect that the claim of the heirs of Levy was entitled to a preference, quoad the property in question, over that of Mesdames Scovell and Gaines; and, the heirs of Levy having offered the record and decree in that suit, for the purposes of the present opposition, it was admitted, over the objection of both the other parties. The record and decrees offered were, however, res inter alios acta as to Thompson, and, we think, were inadmissible as to Mesdames Scovell and Gaines, for the reason that the opponents had ignored them in their pleading, and had asserted a claim as founded entirely upon certain promissory notes, secured by an act of mortgage, upon which alone they prayed for judgment. If they had intended to assume the position that, as between themselves and Mesdames Scovell and Gaines, whom they found litigating for priority with Thompson, the question of priority, quoad the fund then in court, was a “thing adjudged,” they should have so alleged in their opposition; but, as has been stated, they elected to sue upon their original claim, and nothing in their pleading indicates that they intended to rely on, or toad ever obtained, any judgment with respect thereto. Nor has any plea of res judicata been filed or offered since the filing of their opposition. When res judicata is relied on as an exception, “it must be specially pleaded, and' sufficient time allowed to the adverse party to bring his evidence.” The plea will not be supplied by the courts, and, in its absence, evidence to prove the “thing adjudged” is inadmissible. Code Prac. art. 346; Mitchell v. Levi, 28 La. Ann. 948. In the case cited, the objection of the plaintiff to the introduction of certain testimony “was based upon the fact that the matters sought to be investigated had already been passed on, and had obtained the authority of the ‘thing adjudged.’ ” The court said: “But reasons, however valid, cannot take the place of a plea, which, if well made, is a bar to the investigation of the subject which is submitted to the judge for his examination and decision.” The rule, we apprehend, is the same in the case of an offer of testimony based upon tho fact that the matter to be investigated has acquired the authority of the “thing adjudged,” as in the case of an objection to testimony based upon such fact. The case of the opponents is unquestionably one of hardship, and it is not easy to see how any relief could be afforded them, even if they had set up the judgment on which they rely, since they admit that they are not entitled to be paid by preference over Thompson, and to allow them to come in immediately after Thompson, and before the other opponents, would be to strike with nullity the judgment, heretofore rendered in this case, decreeing that Mesdames Scovell and Gaines are entitled to be paid by preference before Thompson. Whilst, therefore, the writer of this opinion has not ceased to believe that the doctrine which finds its latest expression in the decision in the case of Thompson v. Vance (reported in 110 La. 112, 34 South. 112) is in conflict with the letter and spirit of our law, both constitutional and statutory, abolishing tacit mortgages, providing for separation of patrimony, and, in general, regulating titles to and rights in immovable property, that decision, taken in connection with the admission made by the appellants, must, under existing circumstances, be accepted as the law of this case. It was so accepted by the judge a quo, and, for the reasons thus assigned, the judgment appealed from is affirmed.
BREAUX, J., concurs in the decree.