(76 South. 806)

No. 22226.

TOWN OF THIBODAUX et al. v. STARK.

(Oct. 29, 1917. Rehearing Denied Nov. 26, 1917.)

*(Syllabus by Editorial Staff.)*

1. PARTIES ⬤⟾75(1)—DEFECTS AND GROUNDS OF OBJECTIONS—PERSONS ENTITLED TO OBJECT.

In an action to recover defendant's proportion of the cost of paving a street brought jointly by the town and the contractor who did the work for the use and benefit of the contractor in whose favor only judgment was asked, defendant had no ground for exception because judgment was not asked in favor of the town instead of the contractor, as the disposition made of the claim sued on as between the town and contractor was no concern of his so long as he could make a full defense, and the judg-

ment would be a full protection against a second suit.

2. JUDGMENT ⬤⟾746 — ESTOPPEL BY JUDGMENT—WAIVER.

In an action to recover defendant's proportion of the cost of paving a street, plaintiff by pleading the proceedings for paving the street in extenso, and proving them on the trial, did not waive the right to rely on a prior judgment between the same parties as res judicata on the question of the validity of such proceedings.

3. JUDGMENT ⬤⟾948(1)—ESTOPPEL BY JUDGMENT—NECESSITY OF PLEADING.

Where defendant in his answer contested the validity of the paving proceedings, plaintiffs were not required to file a plea of res judicata, since, as against defenses set up in the answer, res judicata need not be pleaded, and the answer is open to every objection of law and fact as if specially pleaded.

4. MUNICIPAL CORPORATIONS ⬤⟾567(6)—ENFORCEMENT OF ASSESSMENTS FOR PUBLIC IMPROVEMENTS—PLEADING.

In such suit, defendant could not contest the mode of apportioning the cost of the work where that issue was not raised by the pleadings.

5. MUNICIPAL CORPORATIONS ⬤⟾572 — ENFORCEMENT OF ASSESSMENTS FOR PUBLIC IMPROVEMENTS—COSTS.

Act No. 241 of 1912, § 4, providing relative to paving assessments that on payment by the property owner of 20 per cent. of the amount due, the council in its discretion may authorize the mayor to issue certificates payable in one, two, three, four, and five years, with interest, and 10 per cent. attorney's fees if sued on, does not give a right to attorney's fees where no certificates were issued, and suit was brought to recover defendant's proportion of the cost of the paving; as the statute, being one imposing a liability and penalty, must be taken as it is written.

6. COSTS ⬤⟾238(2)—ON APPEAL—FAILURE TO RAISE QUESTION BELOW.

Though in a suit for defendant's proportion of the cost of paving a street a judgment in rem and also unqualifiedly in personam followed the petition, and the responsibility for the error therefore rested on plaintiff, and not on the trial judge, the correction of the error to make the judgment only qualifiedly in personam would not throw the cost of the appeal on plaintiff, as the error would have been corrected if the trial court's attention had been called to it.

Appeal from Twentieth Judicial District Court, Parish of Lafourche; Charles Wortham, Judge.

Action by the Town of Thibodaux and another against Dr. Thomas Stark. From a

judgment for plaintiffs, defendant appeals. Corrected and affirmed.

Edward N. Pugh, of Donaldsonville, and Martin, Pugh & Coignet, of Thibodaux, for appellant. Caillouet, Caillouet & Howell, of Thibodaux, for appellees.

PROVOSTY, J. Defendant is sued for his proportion of the cost of paving the street upon which his property fronts in the town of Thibodaux. The suit is brought jointly by the town and by the contractor who did the work, the town suing "for the use and benefit" of the contractor; but judgment is asked only in favor of the contractor. The allegation is made that after the contract for the work had been let as authorized by Act No. 241, p. 537, of 1912, and the work had been done and accepted and the amount due by each abutting proprietor had been fixed, and the assessment to pay the amount or amounts thus ascertained to be due had been levied as authorized by said act, the town transferred to the contractor its right to collect the amounts thus due, as well as to enforce the lien securing the payment of same, "with full power and authority to sue in the name of the town to enforce collection of the amounts thus due."

[1] Defendant excepted to the suit on the ground that judgment should have been asked in favor of the town, and not of the contractor, because the town was without authority to make the transfer, and hence the situation must be viewed as if the transfer had not been made.

What dispositions the town and the contractor may have made as between themselves with reference to the claim sued on is no concern of defendant, so long as his opportunity to make full defense is not thereby impinged upon, and so long as the judgment in the suit will be a full protection to him against a second suit upon the same cause of action; and there can be no denial that defendant could make his full defense in this suit as brought, and that the judgment in the suit would be a full protection to him against a second suit upon the same cause of action, since he and the town and the contractor are the only parties in interest, and all three are parties to the suit, and, as such, will necessarily be bound by whatever judgment is rendered in it.

[2] In the petition the proceedings by which the street paving was ordered and the contract for it was let are alleged in extenso; and in the answer their validity is contested. On the trial the evidence to prove their having taken place was offered by plaintiffs. After the conclusion of the evidence, but before argument, the plaintiffs filed a plea of res judicata based upon the judgment in the suit of Roth et al. v. Town of Thibodaux et al., 137 La. 210, 68 South. 412, wherein these same questions were litigated and adjudicated between the same parties. The learned counsel for defendant argue that by alleging and proving these proceedings and calling upon him to make his defense to them, the plaintiffs have reopened the issues of the said Roth suit, and waived the right to invoke res judicata. In fact, that inasmuch as the invalidity of these proceedings appears upon their face the plaintiffs by alleging and proving them have alleged and proved themselves out of court.

How plaintiffs could have set forth the claim in suit without setting forth these proceedings, or proved the said claim without proof of said proceedings having been had, the learned counsel do not, and would, we imagine, be at a loss to, suggest. Moreover, the argument assumes as a fact that the said proceedings do appear upon their face to be irregular, whereas that fact is the very one into which the plea of res judicata precludes inquiry.

[3] Counsel also say that the plaintiffs should have filed the plea before offering evi-

dence. They need not have filed it at all. Keystone Life Ins. Co. v. Van Schlemmer, 122 La. 280, 47 South. 606.

[4] Lastly, defendant seeks to contest the mode of the apportionment of the cost of the work. But that issue was not raised in the pleadings, and hence is not in the case.

[5] Section 4 of said Act No. 241 of 1912 provides as follows:

"Provided that the city councils, instead of enforcing the said assessment within the time above fixed, upon payment in cash, by the property owner, of 20 per cent. of the amount due by said property owner, may in their discretion authorize the mayor to sign and issue certificates showing the amount respectively due by the persons and properties on streets and alleys * * * so paved and improved which shall be payable in 1, 2, 3, 4, and 5 years (or sooner, at option of owner of the property) with 8 per cent. interest per annum, interest payable annually, and 10 per cent. attorney's fees if sued on."

Such certificates were not issued in this case. Nevertheless plaintiffs claim the attorney's fees which would have been due if certificates had issued and suit had been brought upon them. The argument is that these fees are allowed as a penalty for failure to pay the assessment promptly, and that therefore defendant comes within this law. He may within the spirit and motive, but not within the letter; and the statute being one imposing a liability and penalty must be taken as it is written (36 Cyc. 1180), and, as written, it imposes a liability only when the suit is upon a certificate.

The court rejected this claim for attorney's fees, and otherwise gave plaintiffs judgment.

[6] The judgment is in rem, and also unqualifiedly in personam. Plaintiff recognizes that it should have been only qualifiedly in personam. It was rendered as prayed for in the petition, and therefore the responsibility for the error rests upon plaintiff, and not upon the trial judge. However, the error would have been corrected if the trial court's attention had been attracted to it; and hence the correction of it by this court need not have the effect of throwing the cost of the appeal upon the plaintiff. Kelly v. Chadwick, 104 La. 735, 29 South. 295. ·

Since the foregoing opinion was written the defendant has filed a supplemental brief in which the following decisions are cited in support of the contention that by failing to plead res judicata in their petition, but suing upon the claim in suit as if the validity of the proceedings upon which it is founded had never been litigated and adjudged, the plaintiffs have reopened this issue, and waived the benefit of the former judgment, to wit: Thompson v. Vance, 111 La. 554, 35 South. 741; Maclin v. New England Ins. Co., 33 La. Ann. 802; Ward v. Joslin, 186 U. S. 151, 22 Sup. Ct. 807, 46 L. Ed. 1093; Brownsville v. Loague, 129 U. S. 505, 9 Sup. Ct. 327, 32 L. Ed. 780; S. P. R. R. Co. v. U. S., 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355; Bryar v. Campbell, 177 U. S. 649, 20 Sup. Ct. 794, 44 L. Ed. 926; Pearce v. Frantum, 16 La. 414; Sucn. of Zebriska, 119 La. 1087, 44 South. 893.

In Thompson v. Vance, 111 La. 554, 35 South. 741, a plaintiff in intervention failed to plead res judicata as against one of the other interveners, and the court held that though the situation was peculiar, and no doubt presented a hardship, yet that the principle that res judicata has to be specially pleaded in order to be availed of applied. That is to say, the court likened a plaintiff in intervention to a defendant as against the other interveners. That decision cannot govern the instant case where the plaintiffs cannot possibly be likened to defendants; and where, therefore, the governing principle is that as against the defenses set up in defendant's answer res judicata need not be pleaded, but that such "answer is open to every objection of law or fact as if specially pleaded, replication not being allowed under our

.aw." Keystone L. Ins. Co. v. Van Schlemmer, 122 La. 279, 47 South. 606.

As for the case of Maclin v. New England Ins. Co., 33 La. Ann. 802, it must have been cited by defendant by error as it has no application whatever.

Ward v. Joslin, 186 U. S. 151, 22 Sup. Ct. 807, 46 L. Ed. 1093, was a suit against a stockholder to compel him to pay, up to the amount of his stock, a judgment which had gone by default against the corporation upon an obligation of the corporation which was null and void because ultra vires, and the court held that while the corporation might be estopped from reopening the question of the validity of the obligation in question, the stockholder was not. What comfort the defendant can derive from that decision we cannot see. The judgment invoked against him was not rendered contradictorily with a corporation of which he was a stockholder, but contradictorily with himself.

In Brownsville v. Loague, 129 U. S. 505, 9 Sup. Ct. 331 (32 L. Ed. 780), judgment had been rendered against the town of Brownsville upon certain bonds, and the suit was for a mandamus to compel the town to levy a tax to pay the judgments. All authority to levy the tax had been withdrawn from the town by statute; but such authority had existed at the time the bonds were issued. The defendant pleaded the nullity of the bonds, and the question was whether this plea could be entertained in view of the judgments which had been rendered on the bonds. The court said:

"The power invoked is not the power to tax to pay judgments, but the power to tax to pay bonds, considered as distinct and independent, and therefore, when the relator is obliged to go behind his judgments * * * merely, to obtain the remedy pertaining to the bonds, the court cannot decline to take cognizance of the fact that the bonds are utterly void, and that no such remedy exists. Res judicata may render straight that which is crooked, and black that which is white; facit ex curvo rectum, ex albo

nigrum. * * * But where application is made to collect judgments by process not contained in themselves, and requiring, to be sustained, reference to the alleged cause of action upon which they are founded, the aid of the court should not be granted when upon the face of the record it appears, not that mere error supervened in the rendition of such judgments, but that they rest upon no cause of action whatever."

As we understand this, it means that the question before the court was not as to whether the bonds were valid or not, but as to whether the relator had or not a remedy, in view of the fact that the statute which had authorized the town to levy the tax had been repealed; and that for asserting the existence of this remedy the relator had to show, not that the bonds were now valid, or had by the judgments been validated, but had to show that they were valid at the time they were issued, and that the relator could not show that fact by the judgments, but had to show it outside of the judgments, or, in other words, independently of them. Even as so interpreted the decision would appear to go far towards impinging upon the salutary principle of res judicata. But no matter how interpreted it certainly does not hold that by suing upon a claim and necessarily alleging all the facts upon which the claim is founded a plaintiff waives the benefit of a judgment theretofore rendered that has between the same parties and in the same connection adjudicated the validity of the claim.

A careful reading of S. P. R. R. Co. v. U. S., 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355, reveals absolutely nothing that would go towards sustaining defendant's contention.

Bryar v. Campbell, 177 U. S. 649, 20 Sup. Ct. 794, 44 L. Ed. 926, simply holds that res judicata must be specially pleaded.

In Pearce v. Frantum, 16 La. 414, the suit was for the fruits and revenues of a tract of land, which land, in a petitory action brought by plaintiff against defendant, had

been adjudicated to belong to plaintiff. Defendant answered that he had been a possessor in good faith, and he reconvened for the value of his improvements. Judgment went against him in the lower court for a large amount, and he appealed. On the appeal he, for the first time, filed a plea of res judicata, founded on the judgment in the petitory action. In that first suit not a word had been said either in the petition, the answer, or the judgment about fruits and revenues; and in the petition of the second suit plaintiff had alleged that by express agreement this question of fruits and revenues had been kept out of the first suit, to be litigated later, in the event of plaintiff's succeeding in the suit. The court' held that in view of the said agreement, and in view of the fact that the defendant was demanding compensation for his improvements, the judgment in question could not operate as a bar to plaintiff's suit.

We fail entirely to see in this anything tending to support the contention of defendant in the instant case.

Why the case of Sucn. of Zebriska, 119 La. 1087,[1] should have been cited by defendant we cannot imagine, as no question of res judicata was involved in it.

Defendant has cited a long list of decisions under the heading: "No Validity Through Estoppel." That one of them from this court (La. Imp. Co. v. Baton Rouge, 114 La. 534, 38 South. 444) we have read, and finding it not to have involved res judicata, we have spared ourselves the trouble of reading the others.

The judgment appealed from is affirmed, except that in so far as it is in personam it can operate only to the extent of the property upon which the lien securing its payment rests. Defendant to pay the costs of the suit.

---

[1] 44 South. 893.

(76 South. 808)

No. 22227.

TOWN OF THIBODAUX et al. v. DANTIN.

(Oct. 29, 1917. Rehearing Denied Nov. 26, 1917.)

Appeal from Twentieth Judicial District Court, Parish of Lafourche; Charles T. Wortham, Judge.

Action by the Town of Thibodaux and others against Charles O. Dantin. From a judgment for plaintiffs, defendant appeals. Corrected and affirmed.

Edward N. Pugh, of Donaldsonville, and Martin, Pugh & Coignet, of Thibodaux, for appellant. Caillouet, Caillouet & Howell, of Thibodaux, for appellees.

PROVOSTY, J. Except as to name of the defendant and the amount claimed, this suit is exactly similar to that of Town of Thibodaux v. Stark, No. 22226, 76 South. 806, ante, p. 375, this day decided. For reasons there assigned:

Judgment affirmed, except that in so far as it is in personam it can operate only to the extent of the property upon which the lien securing its payment rests.

Defendant to pay the costs of the suit.

---

(76 South. 809)

No. 22700.

STATE v. AUSTIN.

(Oct. 29, 1917. Rehearing Denied Nov. 26, 1917.)

*(Syllabus by the Court.)*

GAMING ☞73—ORAL BOOKMAKING—STATUTE —"OPERATING BETTING BOOK."

Operating a betting book on horse races, at the time of the passage of Act No. 57 of 1908, p. 64, has reference to registering or recording of bets by the bookmaker, or by his assistants. It does not refer to oral bookmaking.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; John E. Fleury, Judge.

Edwin Austin was convicted of gaming by orally operating a betting book on a track in the parish of Jefferson, where a horse race was being run, and he appeals. Judgment reversed, and defendant discharged.