## No. 9147.

### A. V. Davis et al. vs. Mrs. Catherine Young.

Where, as defense to a petitory action, defendant interposes the plea of prescription, and as he claims the land, to support the plea an actual and continuous possession *as owner*, for the entire term must be shown.

An offer to buy the land from one holding the adverse title, when not made for the purpose of acquiring an outstanding title and perfecting the title of the possessor, will defeat the plea.

Mere forbearance in judicially asserting a claim to the land will not operate as an estoppel against the true owner so long as prescription has not run, either as relates to the original possessor or a subsequent one.

Where the owner has been compelled to pay the revenues of the land, for one or more years, to the party in possession under an adverse judgment in a possessory action, he cannot, in a subsequent petitory action, recover back the same, nor the costs and expenses of such possessory action. It is, as to all the issues in that action, *res adjudicata*,

APPEAL from the Ninth District Court, Parish of Concordia. *Hough*, J.

*Wade R. Young* for Plaintiffs and Appellees.

*J. N. Luce* for Defendant and Appellant.

The opinion of the Court was delivered by

Todd, J. This is a petitory action in which the plaintiffs seek to recover of the defendant a tract of land in the parish of Concordia, described as sec. 45, T. 7 N, R. 9 E, and the rents thereof, accompanied by a claim for damages for slander of title, etc.

The defendant interposes as a defense to the action pleas of prescription, *res adjudicata* and estoppel, and calls certain parties in warranty.

There was judgment for the plaintiffs, decreeing them owners of the land and condemning defendant to pay rents therefor at $70 per annum,

and judgment over against the warrantors in favor of the defendant for $250 and $500, severally. From which judgment the defendant has alone appealed.

The plaintiffs established their title to the land by a patent from the United States.

We will proceed to consider the defenses mentioned to the action in the order stated.

1. The prescription pleaded is that of thirty years.

This prescription, to have the effect claimed of acquiring the owner- ship of the land, must be based upon actual and continuous possession of the land, as owner, for the term required.

It appears that one corner of the section in controversy, containing about ten acres, had been inclosed by an owner of the section contigu- ous thereto, one John Fletcher, Sr., some time in 1853, and a small clearing made thereon of one or two acres and cultivated by Fletcher, who had opened a plantation on the said contiguous sections referred to. In 1860, York & Hoover became the owners of this Fletcher plan- tation; and York, the managing partner of the planting partnership, caused a survey to be made of the lands bought of Fletcher, and ascer- tained that a part of his inclosure embraced this ten acres in section 45, belonging to the plaintiffs. He, York, therefore made a proposition to buy this section 45, at $100 per acre, which was declined. He con- tinued to cultivate the lot and even increased the clearing thereon, with the apparent acquiescence of the plaintiffs.

These facts we learn from York himself, who was a witness in the case; but he states distinctly that he never possessed said land as owner, but recognized the plaintiffs as the owners of it, as was shown by his attempt to buy it.

Although the defendant's counsel criticises this testimony of Gen. York and suggests that his words were at variance with his acts, we think it is conclusive in regard to the character of his possession. That he did order the survey to ascertain whether the land was on the Fletcher tract, and that he did make the offer to buy when he found out that it was not, are significant facts and are not controverted— besides, are corroborated by other evidence.

Sedgwick & Wait, in their work entitled "Trial of Title to Land," p. 530, lay down the principle bearing on this point, thus:

"If a party in possession of land offers to purchase it from the true owner, and the offer is made not merely to buy an outstanding or ad- verse claim, in order to quiet possession or to protect himself from liti-

gation, the offer is a recognition of the owner's title and will stop the running of the statute." Lovell vs. Frost, 44 Cal. 471; Bowen vs. Guild, 130 Mass. 121.

This is in strict accordance with our own law on this subject. C. C. 3490, 3500.

We find also evidence to the effect that Fletcher himself never, during his possession, claimed the ownership of the land.

Another fact proved to our satisfaction is still more conclusive as to the kind of possession held by those from whom or through whom defendant bases her claim to the land.

In the year 1866, York & Hoover retroceded the plantation bought of John Fletcher, Sr., as stated, to his son and heir, John Fletcher, Jr., who also continued to possess this portion or lot of land with the tacit consent of the plaintiffs; but in order that no doubt might exist as to the character of his possession, he executed a writing in which he disclaimed any right or claim to the land and acknowledged the title of the plaintiffs.

These facts, without further discussion touching the duration or continuity of defendant's possession or that of her authors, effectually disposes of the plea of prescription.

2. The plea of *res adjudicata* is founded on a judgment rendered in a possessory action between the defendant and a tenant of plaintiffs, respecting the possession of this same land. In that case the defendant was decreed to be entitled to the possession of the land, which plaintiffs in the instant case sought to secure by putting a tenant thereon.

All that was decided in that case was, that defendant herein had possessed for the time requisite to maintain a possessory action and had been unwarrantably disturbed in her possession, and was entitled to the recovery of the revenues during the time the unlawful adverse possession lasted. There was no question of title involved and could be none. The decision in that case necessitated the prosecution of the present suit to determine the question of title.

The only effect of that decision as relates to this controversy is to bar the recovery of the revenues by the present plaintiffs that the defendant recovered of them in the former suit, during the time their tenant was in possession, which was for 1881. Whether this recovery was right or wrong can no longer be questioned, nor amount paid under the judgment for revenues, costs and expenses restored.

Davis et al. vs. Young.

3. The plea of estoppel, as we deduce from the argument of the counsel, seems to rest alone on the extreme forbearance, long continued, shown by the plaintiffs to those who for so many years occupied, cultivated and reaped the fruits of their land. If prescription, through such forbearance, has not deprived them of their ownership—which we have held was not the case—we cannot exactly understand how it has created any bar to plaintiffs' assertion of their right, or furnished defendant a new mode or contrivance for acquiring her neighbor's land. There is neither merit nor meaning in the plea.

4. In regard to the damages claimed by the plaintiffs for expense of prosecuting the present suit, they are unauthorized under our repeated decisions, nor can the amount they were forced to pay under the adverse decision in the possessory action be recovered, as we have already shown; and the other claim for damages for previous troubles about this land are equally groundless, but as to the rents and revenues of the land allowed plaintiffs by the judgment, we think there is an error against them. Seventy dollars per annum only was allowed.

In the possessory action referred to, the defendant herein and plaintiff in that suit, was allowed $200 for the fruits of 1881. We think from the pleadings and judgment in that case and the proof in this record, that the defendant should pay at least $180 per annum from judicial demand till possession of the land is given. This is the defendant's own valuation of the annual revenues and she should be bound by it. This amendment is authorized under the answer of the plaintiffs to the appeal.

There is also an appearance for one of the warrantors (Fletcher) in this Court, and an amendment of the judgment against him is asked for to the effect of rejecting the total amount decreed against him. The judgment in this respect cannot be disturbed. This warrantor did not appeal from the judgment against him, the only appeal being taken by the defendant from the judgment against her in favor of the plaintiffs.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be amended by condemning the defendant to pay plaintiffs one hundred and eighty dollars per annum rent for the land in controversy, from judicial demand till they are placed in possession of the same; and that in other respects the judgment be affirmed, defendant to pay costs of both courts.

Rehearing refused.