**17 So.2d 827**

**SANDERS DE HART et al. v. CONTINENTAL LAND & FUR CO., Inc., et al.**

Nos. 37066, 37070.

March 13, 1944.

Rehearing Denied April 17, 1944.

Harvey Peltier, of New Orleans, Rene H. Himel and Clarence C. Aycock, both of Franklin, Henican, Bethea, James & Cleveland, C. Ellis Henican, and Henry G. Bloch, all of New Orleans, and Ellender & Wright, of Houma, for appellants.

C. A. Blanchard, of Donaldsonville, for appellees.

PONDER, Justice.

On August 28, 1869, Mrs. Margaret De-Hart, wife of Jesse DeHart, obtained from

the State a patent of 80.07 acres of land in Sec. 20, Township 18, S. R. 12E., Parish of Terrebonne. On March 11, 1879, the State issued a patent to her husband, Jesse DeHart, conveying to him eighty-two acres of land in Sec. 19, Township 18, S. R. 12E., Parish of Terrebonne. The two tracts of land contained 162.07 acres and consisted of what is familiarly termed swamp or marsh lands.

Sometime between the years 1869 and 1879, Jesse DeHart and his wife went into possession of a shell mound or elevation having an area of about ten acres covered by title deeds of the Continental Land & Fur Company, Inc. At the time they went into possession of the shell mound, Mr. and Mrs. DeHart established a family residence thereon and cultivated the land, being under the impression that it was a part of their lands. They resided on this property for the remainder of their lives. Jesse DeHart died on September 5, 1891 and was buried in the family cemetery on the shell mound. Mrs. DeHart continued living in the family residence on the mound with her daughter, Irene DeHart LaCoste, and the latter's husband, Thomas LaCoste. Mrs. DeHart died on August 2, 1906 and was buried beside her husband. Thomas LaCoste and his wife continued residing in the family residence on the mound to the end of their lives. Mrs. LaCoste died on September 2, 1925, and her husband, Thomas LaCoste, died on September 14, 1927, both being buried in the family cemetery on the mound. There was issue from the marriage of the Jesse DeHarts eight children, all born and raised on the mound, and there have been born seventy or more

grandchildren and thirty-five or more great grandchildren. Thomas LaCoste and his wife, Irene DeHart LaCoste, are survived by seven sons and four daughters, all born and raised on this property. Norman LaCoste, one of the seven sons of Thomas LaCoste, remained with his parents until their death, and, thereafter, continued residing in the old DeHart home until a short time before this suit was filed. One of the sisters of Norman LaCoste, Arcillia LaCoste, and her husband, Emile Aucoin, resided on the mound after the death of the former's father, Thomas LaCoste, until about two years before this suit was filed. There is evidence in the record that William DeHart, a son of Mr. and Mrs. Jesse DeHart, and his family resided on the mound, moving away some thirty-four years ago.

The record is replete with evidence that the various descendants of Jesse DeHart and his wife have been buried throughout the years in the family graveyard on the mound. The descendants of Jesse DeHart and his wife have always recognized that the mound was the common property of the heirs of Jesse DeHart and his wife until sometime in 1939 when Norman LaCoste claimed that he individually owned the mound. He testified that the first time he claimed the land was after the decision in the case of Continental Land & Fur Co., Inc., v. LaCoste, 192 La. 561, 188 So. 700.

The suit of Continental Land & Fur Co., Inc., v. LaCoste, supra, a petitory action, was instituted on November 30, 1934. During the month of September, 1932, the Continental Land & Fur Company, Inc., entered into an agreement with the Huth

Construction Company for the sale of clam shells at a price of 14¢ per cubic yard in place to be taken from the shell mound involved herein. In 1933, Huth Construction Company attempted to remove the clam shells from the mound but was prevented from so doing by Norman LaCoste, which resulted in the institution of the aforementioned petitory action.

After the petitory action was instituted, a majority of the numerous heirs of Jesse DeHart and his wife appointed Harry Billiot as their agent by three separate powers of attorney.

It is stated in the powers of attorney that the heirs, not caring to own the property in indivision with the other owners, desired to have the titles to the property, known and embraced in what is Deer Island, definitely determined, segregated or partitioned. Billiot was empowered to employ the services of an attorney and given authority to transfer to such attorney an undivided one-sixth interest in the whole property embraced in sections nineteen and twenty.

The shell mound in controversy is situated on Deer Island. Norman LaCoste and his brothers and sisters signed this power of attorney with the other heirs of Jesse DeHart and his wife. The undisputed testimony shows that the powers of attorney were obtained by Harry Billiot at the solicitation of Norman LaCoste, and that Norman LaCoste and his wife assisted Billiot in obtaining them.

Shortly after these powers of attorney were executed, Norman LaCoste and Harry Billiot, representing the heirs of Mr. and

Mrs. Jesse DeHart, entered into a written agreement with the Continental Land & Fur Company, Inc., and the Huth Construction Company, Inc., granting the Huth Construction Company the right to remove clam shells from the shell mound at an agreed price of 14¢ per cubic yard. In this agreement, it is stated that the funds are not to be withdrawn until the final disposition of the petitory action, and depending upon the determination of the ownership of the mound, the funds shall belong to the successful litigants. It is further stated that, "it being understood that although the suit is brought solely against Norman LaCoste, all of the heirs of Jesse DeHart are interested therein, and in the event that the said Norman LaCoste is successful in the said suit, the said funds shall belong to all of the said DeHart heirs."

In the petitory action, Continental Land & Fur Co., Inc., v. LaCoste, supra, this court affirmed the judgment of the trial court, maintaining the plea of prescription of thirty years and rejecting the plaintiff's demand for the land described as the shell mound, having an area of about ten acres located on Deer Island.

It appears that a number of persons claiming to be the heirs of Mr. and Mrs. Jesse DeHart intervened in the petitory action, seeking to be recognized as part owners of the land in controversy. The intervention was never put at issue. However, this court stated in effect in Continental Land & Fur Co., Inc., v. Norman LaCoste, supra, that the judgment does not purport to pass upon the rights of the interveners

or anyone except the plaintiff and defendant in the suit.

As a matter of fact, there was no necessity to prosecute the intervention in the petitory action, for the reason that Norman LaCoste had recognized the interests of all of the heirs of Jesse DeHart and their right to participate in the funds to be derived from the sale of the shells taken from the mound in the agreement he signed with a number of the DeHart heirs, the Continental Land & Fur Company, Inc., and the Huth Construction Company, Inc.

On June 13, 1938, a number of the grandchildren and great grandchildren of Jesse DeHart and his wife brought the present suit of Sanders DeHart et al. v. Continental Land & Fur Co., Inc., et al. This suit was instituted before the determination of the petitory action. The plaintiffs in the present suit are seeking damages in the sum of $170,000 with legal interest from judicial demand for trespass on the property claimed to be owned by the heirs of Mr. and Mrs. Jesse DeHart and seeking to be recognized as such heirs. It is alleged that the defendants entered into a conspiracy during the year 1937 for the purpose and with the intention of depriving them and their co-heirs of the possession of the property and for the purpose of removing certain clam shells of great value from the land. It is further alleged that the defendants acted in bad faith when they trespassed on the property and removed a quantity of clam shells, dredged a canal and marred and destroyed the beauty and symmetry of the place.

After the suit was filed, other heirs of Mr. and Mrs. Jesse DeHart intervened, joining the plaintiffs in their demands.

A supplemental petition was filed, alleging that the DeHart heirs had continuous uninterrupted possession through the following named persons, to wit: (a) Jesse DeHart and wife; (b) Mrs. Jesse DeHart; (c) Thomas LaCoste; (d) William DeHart; (e) McKinley LaCoste; (f) Frank LaCoste; (g) Norman La-Coste; (h) Theodore LaCoste; (i) Clive Adams; (j) Hilton Rink; (k) Mrs. Terry Adams and Family; (l) Emile Aucoin; (m) Edward Rink; (n) Clarence La-Coste.

In defense to the suit, the defendants averred that they had purchased all the property claimed by the plaintiffs and interveners except the land which had been patented to Mr. and Mrs. Jesse DeHart, containing 162.07 acres; that Norman La-Coste was the only person asserting ownership and possession of the shell mound; that Norman LaCoste claimed possession in himself alone and not for the plaintiffs nor interveners; that in September, 1932, the Huth Construction Company, Inc., informed the Continental Land & Fur Company, Inc., that there was a clam shell deposit on its property; that the Continental Land & Fur Company, Inc., entered into negotiations for the sale of the clam shells at a price of 14¢ per cubic yard in place; that Norman LaCoste forbade the removal of the clam shells, threatening force and violence; that after unsatisfactory negotiations, Continental Land & Fur

Company, Inc., instituted a petitory action against Norman LaCoste; that while this petitory action was pending, the Huth Construction Company, Inc., Continental Land & Fur Company, Inc., Norman LaCoste and the heirs of Mr. and Mrs. Jesse De-Hart, by their agent and attorney in fact, Harry Billiot, entered into a contract authorizing the removal of the shells; that $6,970.33 was deposited in the Whitney National Bank to await payment to the proper party; that all operations were above board and conducted in good faith; and that all plaintiffs and interveners knew of the petitory action but stood aside and depended upon Norman LaCoste to defend the title. The defendants prayed for the dismissal of the plaintiffs' and interveners' demands.

The Continental Land & Fur Company, Inc., was called in warranty by the Huth Construction Co., Inc. The Continental Land & Fur Company, Inc., denied that it had warranted the title to the mound.

The petitory action, aforementioned, was finally determined while the present suit was pending. Continental Land & Fur Co., Inc., v. LaCoste, 192 La. 561, 188 So. 700.

The Continental Land & Fur Company, Inc., interposed a plea of prescription based on the grounds that neither the plaintiffs nor the persons through whom they claimed had ever accepted the succession of Jesse DeHart; that more than thirty years had elapsed since the death of Mr. and Mrs. Jesse DeHart when this suit was filed; that the only persons who accepted the successions of Mr. and Mrs.

Jesse DeHart were Mrs. Thomas La-Coste and her children; and that all rights of others to make claims as heirs of Mr. and Mrs. Jesse DeHart were barred by the prescription of thirty years.

In pursuance to the agreement, the Huth Construction Company deposited the $6,970.33 in the Whitney National Bank for all of the DeHart heirs, including Norman LaCoste.

After the present suit was tried and before judgment, the defendants petitioned the court to reopen the case for the purpose of making the heirs of Irene DeHart La-Coste, including Norman LaCoste, parties to the suit. Prior to this time, all of them had not been made parties. The defendants also interposed a plea of non-joinder of proper parties. The lower court refused to reopen the case and gave judgment in favor of the heirs of Jesse DeHart and his wife for the sum of $6,970.33 with legal interest from judicial demand. The judgment of the lower court was to the effect that all of the heirs of Jesse DeHart and his wife, the plaintiffs as well as the other heirs who were not parties to the suit, be decreed the owners of the shell mound. The lower court found no bad faith on the part of the defendants. On rehearing, the lower court gave judgment decreeing the plaintiffs as well as the other heirs of Jesse DeHart and his wife to be the owners of the two patented tracts of land. It stated that it saw no reason to reopen the case to make the heirs or Irene DeHart LaCoste, wife of Thomas LaCoste, parties to the suit as their rights were reserved under the decision.

On appeal, this court, in DeHart v. Continental Land & Fur Co., et al., 196 La. 701, 200 So. 9, set aside the judgment of the lower court and remanded the case for the purpose of making Norman LaCoste and the other heirs of Irene DeHart LaCoste parties to the suit.

After the case was remanded to the lower court, the other heirs of Irene LaCoste, including Norman LaCoste, were made parties defendant. They answered, averring that plaintiffs knew of the removal of the clam shells from the mound; that they knew of the agreement under which the work was done; that they did not object, but, on the contrary, by their silence acquiesced and confirmed the agreement under which the work was done; that the defendants relied upon their silence and acquiescence; and that the plaintiffs are estopped to claim that the removal of the shells was without their authority, if they had any interest in Deer Island. They alleged that none of the original petitioners or interveners accepted the successions of Mr. and Mrs. Jesse DeHart within thirty years after their respective deaths and prior to the filing of this suit; that the heirs of Irene DeHart LaCoste accepted the successions well within the thirty-year period and before any of the other heirs attempted to accept the successions; that the acceptance on the part of the heirs of Irene DeHart LaCoste consisted in their actual living on the property, cultivating and physically possessing it in the manner determined in the petitory action, Continental Land & Fur Co., Inc. v. LaCoste, supra; that prior to the filing of this suit, the petitioners and interveners lost their right to accept the successions of the DeHarts; and that the petitioners and interveners are forever barred as against the heirs of Irene DeHart LaCoste, who have accepted the DeHart succession by the thirty-year prescriptive period, as provided for in Article 1030 of the Revised Civil Code.

The defendants, the heirs of Irene DeHart LaCoste, further alleged that Harry Billiot was authorized to act for all of the living heirs of Mr. and Mrs. Jesse DeHart, and if Harry Billiot was authorized to act for all the heirs of Mr. and Mrs. Jesse DeHart, the present suit should be dismissed by virtue of the agreement of sale entered into with the Continental Land & Fur Company, Inc., and Huth Construction Company, Inc.; that in view of the facts proved in the petitory action heretofore referred to, Norman LaCoste and his brothers and sisters have the sole and absolute ownership of the shell mound by the possession of the property by their father, Thomas LaCoste, from August 2, 1906, until his death in 1927, which possession was continued by his heirs until the filing of this suit on June 13, 1938; and that both possessions were open and notorious for a period of at least thirty years. They pleaded the prescription of acquirendi causa against all the plaintiffs and interveners except Theodore LaCoste and McKinley LaCoste, their brothers who appeared in the original petition.

After hearing considerable evidence, the lower court gave judgment in favor of the plaintiffs, decreeing the heirs of Jesse DeHart and his wife to be the owners of the shell mound, and against the Continental

Land & Fur Company, Inc., Huth Construction Company, Inc., Nick Huth and Clarence Aycock in solido in the full sum of $6,970.33 with legal interest from judicial demand, to be divided in individual proportions to the DeHart heirs as their interests appear. The lower court in its judgment decreed the individual proportions due each of the DeHart heirs. The original defendants were condemned for the costs. On rehearing, the lower court amended its judgment by decreeing the DeHart heirs, also, the owners of the lands patented by Jesse DeHart and his wife. All of the defendants have appealed.

The plaintiffs and interveners have answered the appeal, asking for an increase in the award made to them. They take the position that they should be allowed $10,000, the amount that the Huth Construction Company, Inc., profited by the sale of the shells, and they should be allowed an award for the damages done the island by virtue of the trespass in the amount prayed for in the original petition. It appears from the brief and argument of their counsel that the plaintiffs and interveners claim that the island was damaged in the amount of $10,000 by reason of the trespass. In other words, the plaintiffs and interveners are asking for the award in their favor to be increased in the amount of $20,000.

The defendants, the LaCoste heirs, contend that their plea of prescription of thirty years, acquirendi causa, is well founded, and they should be decreed the owners of the shell mound. They rely on the possession of the shell mound by their parents and Norman LaCoste.

The record in this case shows that Jesse DeHart and his wife went into possession of the shell mound some time between 1869 and 1879. They erected a home on the mound in which they continuously lived until their respective deaths. After the death of Jesse DeHart on December 5, 1891, his wife resided in the home on the mound until her death on August 2, 1906. Prior to her death, her daughter, Irene DeHart LaCoste, and her daughter's husband, Thomas LaCoste, came to live with her in the family residence on the mound. After Mrs. DeHart's death, Thomas LaCoste and his wife continued to reside in the family residence and raised their family. Norman LaCoste continued to live in the family home after the deaths of his parents, Thomas LaCoste and Irene DeHart LaCoste, on September 14, 1927 and September 2, 1925, respectively, up until a short time before the present suit was filed.

■ The ownership of immovables is prescribed by thirty years without any need of title or possession in good faith. Article 3499, Revised Civil Code. The possession on which this prescription is founded must be continuous and uninterrupted during all of the time; it must be public and unequivocal and under the title of owner. Article 3500, Revised Civil Code. The possession must not only begin but must continue as owner, and must be adverse to the true owner. Davis v. Young, 36 La.Ann. 374; City of New Orleans. v. Shakspeare, 39 La.Ann. 1033, 3 So. 346; Laurent v. Laurent, 146 La. 939, 84 So. 212; Dew v. Hammett, 150 La. 1094, 91 So. 523.

◼ The defendant Norman LaCoste continued the possession held by his parents, Irene DeHart LaCoste and Thomas LaCoste, who in turn had continued the possession held by his grandparents, Mr. and Mrs. Jesse DeHart. Under such circumstances, his possession was precarious and could never serve as a basis for the prescription acquirendi causa as against the other DeHart heirs. Bills v. Pittman, 152 La. 907, 94 So. 439; Tyson v. Spearman, 190 La. 871, 183 So. 201.

The record clearly shows that neither the LaCoste heirs nor their parents ever intended to possess the shell mound to the exclusion of the other DeHart heirs. In fact, their possession has not been the adverse possession contemplated by Article 3500 of the Revised Civil Code.

◼ They as well as the other DeHart heirs have always recognized the mound as common property. These defendants have acknowledged the interest of the other DeHart heirs in powers of attorney and a written contract for the sale of the shells on the mound. Under the facts and circumstances in this case, the plea of prescription of thirty years acquirendi causa is without merit insofar as the DeHart heirs are concerned. Crayton v. Waters, 146 La. 238, 83 So. 540; Satcher v. Radesich, 153 La. 468, 96 So. 35.

In the case of Continental Land & Fur Co., Inc., v. LaCoste, supra, we maintained the plea of prescription interposed by Norman LaCoste insofar as the plaintiff was concerned. In our opinion handed down in that case, we stated to the effect that that judgment did not purport to pass on the

rights of anyone other than the plaintiff and the defendant in the suit. None of the DeHart heirs are bound by the decision.

The defendants, the LaCoste heirs, contend that they should be decreed the owners of the mound for the reason that they are the only heirs who have accepted the successions of Jesse DeHart and his wife within thirty years after their respective deaths. They take the position that the other DeHart heirs, having failed to accept the successions within the prescriptive periods, have lost the right to accept these successions.

The successions of the DeHarts were never formally accepted by the LaCoste heirs. They rely solely on the possession of the shell mound by Norman LaCoste as a tacit acceptance of the successions in their behalf. In support of their contention, they rely on Article 1030 of the Revised Civil Code and the case of Tillery v. Fuller, 190 La. 586, 182 So. 683.

We find no fault with the authorities cited by the defendants. However, the defendants are in no position to contend that the other DeHart heirs have not accepted these successions. In the first place, the possession upon which they depend as a tacit acceptance is a precarious one.

These defendants as well as the other DeHart heirs have generally recognized the shell mound as property in common. Norman LaCoste in his testimony in this case stated in effect that he had always considered the mound the common property of all the DeHart heirs prior to the conclusion of the petitory action. The evidence

shows that all the DeHart heirs, including the LaCoste heirs, have always recognized the mound as their common property.

The mound was recognized as the common property of the DeHart heirs in the powers of attorney secured at the solicitation of Norman LaCoste and signed by the LaCoste heirs while the petitory action was pending. The written contract of the sale of the shells located on the mound entered into by a majority of the DeHart heirs, including the defendants, with the Huth Construction Company, Inc., and the Continental Land & Fur Company, Inc., treated the mound as the common property of all the DeHart heirs and provided for the distribution of the funds derived therefrom among all such heirs.

■ The defendants cannot now change their position to the detriment of the other DeHart heirs by claiming the other DeHart heirs have not accepted the successions. They are now estopped from advancing this contention. Estoppel was not pleaded by the plaintiffs, but there was no need for the plaintiffs to interpose such a plea for the reason that the defendants' contention was first raised in their answer. The answer of the defendants was open to every objection of law or fact as if specially pleaded, as replication is not allowed under our law. Keystone Life Ins. Co. of Louisville v. Von Schlemmer, 122 La. 280, 47 So. 606; City of Shreveport v. Chatwin, 139 La. 531, 71 So. 791; Town of Thibodaux v. Stark, 142 La. 375, 76 So. 806.

■ Neither the Continental Land & Fur Co., Inc., nor the Huth Construction Company, Inc., have any right to contend

that the DeHart heirs have failed to accept the successions of their grandparents for the reason that these heirs could not lose their right to accept the successions after the lapse of the thirty-year period to strangers to these successions. See Tillery v. Fuller, supra, and authorities cited therein. Moreover, these defendants have entered into a contract of sale which recognized the mound to be the common property of the DeHart heirs.

■ The LaCoste heirs contend that there was no justification for that part of the judgment of the lower court which recognized the plaintiffs and the defendants, the LaCoste heirs, as owners in indivision of the patented property. They claim that this question was not before the lower court except insofar as the claim for damages was concerned. They argue that as soon as it became obvious that the shell mound was not included within the patented property, this property passed out of the case.

We cannot agree with the defendants' position. The plaintiffs, in their petition, sought to be decreed the owners of the patented property, which they alleged included Deer Island, and in the alternative to be decreed the owners of Deer Island because of their possession of the mound for a period of more than thirty years. It would therefore appear that the patented land as well as the shell mound was before the court for consideration. We do not know of any authority, and none has been cited by these defendants, which would have precluded the lower court from passing on these questions. Moreover, a multiplicity of suits has been avoided.

■ The LaCoste heirs contend that the DeHart heirs, having entered into a contract for the sale of the shells through their agent, Harry Billiot, authorized by powers of attorney, are not entitled to recover damages, as they have specifically authorized the removal of the shells. They claim that these heirs are now estopped from questioning Billiot's authority to act for them.

The difficulty presented by this contention is that some of the DeHart heirs did not sign these powers of attorney. In the absence of bad faith, the plaintiffs are only entitled to recover the value of the shells in their natural state. Amite Gravel & Sand Co. v. Roseland Gravel Co., 148 La. 704, 87 So. 718; Armstrong v. City of Seattle, 180 Wash. 39, 38 P.2d 377, 97 A.L.R. 830.

The testimony is to the effect that the market value of the shells is identical with the price fixed in the contract. Consequently, it could be of no moment whether the recovery is had under the contract or for the market value of the shells in place. Since all of the heirs were not parties to the contract, we rest our decision on the evidence showing the market value of the shells.

■ The plaintiffs contend that the defendants, Continental Land & Fur Company, Inc., the Huth Construction Company, Inc., Nick Huth and Clarence Aycock removed the shells from the mound in pursuance to a conspiracy entered into among them with the purpose of depriving plaintiffs of their property. They take the position that these defendants, acting in bad faith trespassed upon the property, removed the shells and marred and destroyed

the beauty and symmetry of the mound. They are seeking to recover $10,000 for this alleged damage.

After a careful examination of the record, we have failed to find any evidence of a conspiracy or bad faith on the part of these defendants. The record discloses that there was an outstanding title to the mound and contiguous lands in the Continental Land & Fur Company, Inc. This defendant was divested of the property by thirty years prescription acquirendi causa. At the time this defendant entered into the first contract for the sale of the shells to Huth Construction Company, Inc., the petitory action had not been instituted. After the Huth Construction Company was prohibited from removing the shells under this contract by Norman LaCoste, the petitory action followed. During the pendency of the petitory action, almost all of the DeHart heirs, including the LaCoste heirs, entered into the contract with the defendants for the sale of the shells. It was in pursuance of this contract that the shells were removed. Under such circumstances, we are at a loss to see how these defendants can be held in bad faith or considered trespassers.

The digging of the canal along side the mound made it more accessible, and, in our opinion, could not be considered an injury to the property. The plaintiffs seem to be under the impression that these defendants might in the future continue their operations into the family graveyard. There is nothing in this record disclosing any such intention on the part of these

defendants. Under the circumstances presented, we see no merit in this contention.

The plaintiffs claim that they should be awarded an amount equal to the profit made by the Huth Construction Company, Inc., on the sale of the shells. Since we have found that this defendant was not a trespasser and had exhibited no bad faith, there is no merit in this contention.

It is not necessary for us to consider the call in warranty by the Huth Construction Company against the Continental Land & Fur Company, Inc., in view of our conclusions.

The judgment of the lower court allowed the plaintiffs interest from judicial demand. The Huth Construction Company takes the position that plaintiffs are only due interest from the date all of the heirs were made parties and not from the date of the institution of the suit.

When the suit was first presented to this Court on appeal, all of the heirs had not been made parties, and we remanded the case for the purpose of making the remaining heirs parties. The defendant Huth Construction Company, Inc., should only be required to pay interest from the time the suit was properly or successfully brought, or, in other words, from the date the remaining heirs were made parties to the suit. There is no good reason why this defendant should be condemned to pay interest prior to the time the remaining heirs were made parties to the suit. The burden is on the plaintiffs to sustain their demands, and the delay was caused by their failure to make these heirs parties and was not due to the fault of the

defendant Huth Construction Company, Inc. The date on which this suit was brought successfully or the date on which the remaining heirs were made parties to it must be taken as judicial demand. Harrison v. Louisiana Highway Comm., 202 La. 345, 11 So.2d 612.

For the reasons assigned, the judgment of the lower court is affirmed at appellants' cost.