68 So.2d 749

**OTT et al.  v.  FORNEA et al.**

No. 38918.

Nov. 9, 1953.

Carter, Erwin & Carter, O. H. Carter, Franklinton, for defendants-appellants.

France W. Watts, Jr., Franklinton, for plaintiffs-appellees.

LE BLANC, Justice.

This is a suit for damages arising out of an alleged trespass. Plaintiffs who allege themselves to be the owners of 100 acres of land in Headright Nos. 37 and 55, T. 1 S., R. 9 E., in Washington Parish, are demanding the sum of $10,200 from the defendants for having cut and removed from their land 360,000 feet of hardwood and 40,000 feet of pine timber.

In their petition plaintiffs set out the title by which they claim the property and then make the allegations with regard to a trespass which are usually made in actions of this kind. The value placed by them on the hardwood timber which they claim to have been cut and removed by defendants is $25 per thousand feet and on the pine timber, $30 per thousand feet. They also allege that it is impossible for them to obtain a correct and complete log scale of the timber but the estimates relied on were made by capable and experienced persons.

In their answer defendants deny that they cut timber on the land of the plaintiffs

but aver that they did cut 51,500 feet of pine and 59,000 feet of hardwood on property adjacent to their land on the east belonging to George Green, from whom they had purchased it for $600. They aver further that George Green claimed to be the owner of the land from which the timber was cut and removed and after calling him in warranty they ask that in the event judgment is rendered against them for any amount then that there be judgment for a like amount against their warrantor.

George Green filed an answer to the call in warranty in which he admits that plaintiffs own land in Headrights 37 and 55 T. 1 S., R. 9 E., but denies that the dividing line on the east, between their property and his, as claimed by them, is correct. He sets out his title and contends that the dividing line between his property and that of the plaintiffs is an old fence row which marked the location of a fence which formerly stood around the cultivated lands mentioned in the title which plaintiffs hold.[1]

Warrantor further alleges that after his first purchase of an interest in his property in 1937 he went in possession and exercised all rights of ownership and that prior to the sale of timber he made to the defendants he had sold timber to be cut up to the same line he pointed out to the defendants and that the said line had never before been questioned by plaintiffs. He prays first for the dismissal of plaintiffs' demand and further in the event of judgment in their favor against defendants, that his warranty be restricted to $600, the purchase price of the timber sold by him.

After trial in the Court below there was judgment in favor of the plaintiffs in the sum of $660 and judgment in a like amount in favor of defendants against the warrantor. Defendants and warrantor have both appealed, the former suspensively and the latter devolutively. Plaintiffs have answered the appeals asking that the amount of the judgment be increased to the sum originally demanded. They ask further that the judgment "be further amended, under the pleadings and the evidence, fixing the East line of the property of plaintiffs appellees; and in the event that the Court should hold that it is unable to fix said property line under the testimony, then there should be a specific reservation in the final judgment herein reserving to plaintiffs the right in a separate suit between plaintiffs and appellees and the warrantor, George Green, to fix said boundary."

There are no important issues of law involved and the decision of the case has

---

1. The plaintiffs' title describes their property as being bounded "East by conditional line between the lands herein conveyed and belonging to the Estate of Jack Washington, said conditional line to run to the cultivated land of above estate, * * *." Warrantor's title describes his property as being bounded "west by land of V. L. and N. D. Ott."

to rest on a determination of two principal questions of fact. The first matter to be determined is the location of the dividing line between the property of the plaintiffs and that of George Green, because while in an action of this kind, the title of the property is not at issue, nevertheless the boundary line may become an important, if not a determinative factor in establishing the extent of the possession required to support the action. The second matter to be determined, assuming that the boundary line has been established with any degree of certainty, relates to the quantity and quality and the value of the timber which has been unlawfully cut and removed from the property.

■ In referring to the dividing line between the two properties, the district judge in his written opinion refers to its description in the plaintiffs' deed as "a conditional line running to the cultivated land of the estate of Jack Washington" and then he states that "to say the least, this line is rather indefinite and it is made further difficult to ascertain its location by the fact that the evidence shows a great deal less of this land is now in cultivation than was in cultivation in 1923, at the time of the acquisition of the property by the plaintiffs." He next refers to the several efforts made by Mr. Pierce Seal, Parish Surveyor, to locate an "old fence row" which marked the dividing line, according to the description in plaintiffs' deed, without success. Mr. Seal apparently made no attempt to locate this line beyond following the information given him by Mr. Magee Ott who sold the property to the plaintiffs and who, strange to say, did not agree with the location as placed by Mr. Seal on his plat of survey, and also the information supplied by Mr. Victor Ott, one of the plaintiffs. The result is that there are three locations of this "old fence row" on Mr. Seal's map and the discrepancy between his original location and that of Mr. Victor Ott runs between five or six chains at one place to as many as twenty-two chains at another.

■ There is some testimony which may indicate that some timber was cut as far as a creek which is shown on the surveyor's map to be a considerable distance west of the original "old fence row" line located by him, and which is the furtherest line to the west, and it is possible to accept this as evidence of a trespass. But even so, plaintiffs are then faced with the task of proving the quality of and how much timber was cut and removed from their property, and this they have not done to a legal certainty as they were required to do.

The only witness they produced was a Mr. Ronnie C. Schilling who testified that he scaled some few trees on the property pointed out to him by Mr. Victor Ott and then made an estimate of the remainder of the trees that had been cut and removed. As correctly stated by the district judge, regarding this witness, it is shown by his own testimony "that he did not consider himself a timber estimator and apparently

had done very little work of this character."

In spite of the insufficiency of testimony, the district judge nevertheless arrived at a figure of 82,500 feet of timber cut and removed from plaintiffs' property. This amount he reached by taking the total amount of feet cut and removed by defendants, altogether 110,000 feet, and prorating that amount between the land of the plaintiffs and that of the warrantor, Green, in the proportion of seventy-five per cent to the plaintiffs and twenty-five per cent to the warrantor. There is nothing in the testimony to justify the use of such arbitrary figures and we are constrained to disagree with his holding.

In view of the lack of sufficient proof of the quantity of timber taken from plaintiffs' land and of its value, and in view also of the uncertainty of the location of the dividing line between their land and that of warrantor,[2] the proper judgment to render is one of nonsuit.

For the reasons stated it is ordered, adjudged and decreed that the judgment appealed from be and it is hereby reversed, annulled and set aside, and it is further ordered, adjudged and decreed that plaintiffs' suit be dismissed and their demand rejected as in case of nonsuit.

2. Plaintiffs themselves must entertain doubt as to the certainty of this line for in their answer to the appeals they ask that this court either fix it under the testimony found in the record or, if it

It is further ordered that all costs of this proceeding be borne by the plaintiffs, appellees herein.

cannot do so under that testimony, that it reserve them the right to have that done in a separate suit. It is obvious that this court cannot grant them such relief in this proceeding.