LANDRY, Judge.
Plaintiff herein, Bernice C. Steele, appeals from the judgment of the trial court rejecting her claim against defendant, Sam A. Walker, for damages for alleged trespass upon property assertedly belonging to plaintiff and the cutting, removal and sale of timber therefrom. Defendant answered the petition denying plaintiff’s ownership of the property involved and upon the trial of the case asserted ownership thereof in himself.
After hearing the matter on its merits, the trial court (without deciding the question of ownership of the property in dispute) rejected plaintiff’s demand on the ground plaintiff failed to discharge the burden incumbent upon her of proving ownership of the property in controversy herein.
*265 The evidence shows plaintiff and defendant are owners of adjoining properties both bounded on the north by the Louisiana-Mississippi state line and situated in Section 37, Township 1 South, Range 6 East, St. Helena Parish. Plaintiff’s property is described in her recorded deed thereto as follows '
“Sixty (60) acres of land to be taken off the Northeast corner of Section 37, and twenty (20) acres being the West half of NW14 of Section 5, all in Township 1 South of Range 6 East, St. Helena Meridian, aggregating 80 acres, together with all the improvements and appurtenances thereto belonging, acquired by Bank of Greens-burg by deed recorded in COB 28, page 432, and COB 14, page 243 of the records of St. Helena Parish, State of Louisiana.”
Adjoining the hereinabove described property of plaintiff, and bounding same on the south and west, is situated the following described property belonging to defendant herein, to-wit:
“All that part of Section 37, T1S, R6E, lying East of the road running from Gillsburg, Miss., by the Old Cade Strickland place to Tangipahoa, Louisiana, and bounded on the East by lands owned by Levi Branch and containing 236 acres, more or less, and lying and being in the Parish of St. Helena, State of Louisiana, and being the same land described in deed dated March 1, 1890 from R. F. Williams to Emma L. Walker, Grantee, and recorded in Book 4, page 56, records of St. Helena Parish. Less and Except Therefrom 60 acres sold by Sam A. Walker and wife, Mrs. Myrtis Walker to Milton H. Walker by deed dated April 9, 1951, recorded in COB 44, page 612, records of St. Helena Parish, Louisiana.”
Notwithstanding her deed fails to set forth the boundaries of the 60 acre tract mentioned therein or otherwise describe said 60 acres save to locate it in the northeast corner of Section 37, it is nevertheless contended by plaintiff said 60 acre tract is in the form and shape of a square whereas defendant contends its dimensions are rectangular the length thereof extending in a northerly-southerly course.
During certain timber operations conducted by defendant in 1951, defendant admittedly cut and removed timber from the disputed property up to a line which defendant contends is the western boundary of plaintiff’s rectangular tract, said line lying approximately 100 yards east of the line which would constitute the western boundary of plaintiff’s 60 acres if said 60 acres were square in shape as plaintiff maintains. The property in dispute, therefore, is a rectangular shaped parcel of land approximately 300 feet in width the length of which runs from north to south.
It is fundamental law that for plaintiff to prevail herein it is incumbent upon her to prove by a preponderance of evidence that defendant (or his agents or representatives acting in his behalf) entered upon lands belonging to her without authority and cut and removed therefrom timber of which she was the lawful owner. Since the record fails to disclose plaintiff was in possession of the controversial strip at the time of the alleged trespass and defendant has placed her ownership at issue, the burden rests upon plaintiff to prove ownership. See Wyatt Lumber Company v. Arnold, La.App., 85 So.2d 287 and cases cited therein.
While it is not necessary that the boundaries of plaintiff’s property have been previously established according to law in order for her to maintain the present action, it is essential, however, that she establish the location of her boundaries with certainty otherwise she has failed to prove the trespass alleged.
On the trial of this case, plaintiff produced as a witness one O. C. Hollister, Registered Civil Engineer and Surveyor, who *266 testified that in 1945 he made an ex parte survey of plaintiff's 60 acre tract at plaintiff’s request. Upon discovering that plaintiff’s deed recited no boundaries, he elected to lay off the property in the form of a square using the Louisiana-Mississippi state line as the northern boundary and the east line of Section 37 as the eastern boundary thereof thus placing the property in the northeast corner of Section 37 as called for in plaintiff’s deed and leaving for determination only the western and southern limits thereof. In the process of survey he found remnants of an old fence starting at approximately the Louisiana-'Mississippi line and extending southerly. Observing that the land to the west of said fence was cultivated by defendant whereas that to the east was timber land, he concluded said fence line to be the western boundary of plaintiff’s tract. Using said fence as the western boundary, he projected the line thereof southerly to a point necessary to.give plaintiff 80 acres in the form of a square at which point he turned a 90° angle and ran the southern boundary of plaintiff’s tract easterly to the eastern line of Section 37. Hollister conceded the old fence which he determined to be the western boundary of plaintiff’s property did not continue to the southwest corner of plaintiff’s land as thus established by him and further conceded said fence did not run in a true northerly-southerly course but near its lower or southern extremity tended to veer toward the east. He admitted finding some stakes 'to the east of the line run by him and whereas he could not say how long these stakes had been in place, he conceded they were “pretty old”.
Plaintiff’s testimony is simply to the effect she purchased the property thinking it was square in shape. As did Hollister, she contended the old fence to be the western boundary of her land although she admitted that when she conducted certain timber operations in 1947 her purchaser stopped cutting at the boundary fixed by defendant when defendant objected to said purchaser proceeding any further to the west.
The testimony of defendant reveals he was 55 years old at the time of the trial of this case and that ownership of subject property by his family antedates his birth. Walker stated he acquired the 236 acre tract adjoining plaintiff’s property at a tax sale in 1948 when said property was sold for taxes due by his mother. He further stated that in or about 1927 a boundary dispute arose between his family and plaintiff’s author in title, one Huey Branch (then owner of the 60 acres now claimed by plaintiff) as a result of certain timber operations then being conducted by Branch at which time the Walker family contended Branch was cutting timber beyond the western limits of the Branch property. According to defendant, it was then agreed between the Walkers and Branch that the Branch prop-property (the identical land now owned by plaintiff) was rectangular in shape, said agreement being reached and predicated upon an old corner which the parties found as well as markings appearing on trees standing on the line established in this manner. Walker stated that the boundary thus established with Branch was accepted by the adjoining owners as the true boundary until plaintiff instituted the present action. He explained that the fence determined by Hollister to be the western boundary of plaintiff’s property was not in fact a line fence but merely a vestige of an old fence marking a lane or road which formerly connected the 236 acre tract owned by defendant in Louisiana with adjoining property belonging to the Walker family and situated north thereof across the Louisiana state line in the state of Mississippi. In addition he testified he showed Hollister the corner agreed to with Branch in 1927, which Hollister denied.
Both plaintiff and defendant produced certain other witnesses whose testimony shed no particular light on the matter at issue and therefore no useful purpose would be served by an analysis thereof.
*267 We are inclined to agree with the observation of the learned trial judge who in his reasons for judgment stated that in all probability the boundaries between the properties of plaintiff and defendant have never been fixed in the -manner prescribed by law. The ex parte survey made by Hol-lister at the request of Mrs. Steele is no more binding upon defendant than is the alleged agreement by the Walker family with Branch reputedly entered into in 1927, each, of course, being admissible in evidence but to be weighed and considered in the light of all the evidence having probative value on the boundary issue involved in this litigation.
The trial court neither resolved the disputed ownership of the property nor attempted to establish the boundaries between the properties of the respective parties herein but held only'that plaintiff had failed to prove her case by a preponderance of the evidence and rejected her demand. In so holding we believe the learned trial court was eminently correct.
In view of the uncertainty of the boundaries affecting the properties herein involved, we believe that plaintiff should be afforded an opportunity of either an action to establish boundary or a petitory action at her election so that the dispute between these litigants may be ultimately concluded.
We therefore deem the proper judgment to be a dismissal of plaintiff’s suit as of nonsuit. Ott v. Fornea, 224 La. 36, 68 So.2d 749.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended to read that the demand of plaintiff-appellant is rejected as of nonsuit. Costs of this appeal are hereby assessed against plaintiff-appellant.
Affirmed as amended.