REID, Judge.
This is a suit for damages brought by Plaintiff, Robert E. Coleman against William A. Chandler, doing business as ’Chandler Lumber Company, and Lindsay McDougall for the sum of $8400.00 damages for illegal cutting and removal of timber from Plaintiff’s lots by the Defendants.
Mr. McDougall owned Lots 3, 4, and 5 of Square 1014 of the New Covington Addition to the town of Covington, Louisiana and Mr. Coleman owned Lots 1, 2, 6, 7, 8, 9, 10 or the balance of said square. The dedication of the streets and alleys had been revoked by the town of Coving-ton giving each property owner additional ground. Mr. McDougall, therefore, owned a plot of ground 180 x 180 feet comprising said Lots 3, 4, and 5 plus an extra 40 feet abutting his lots along Tenth Avenue as per plat of record.
Mr. McDougall desiring to clear his lots made a verbal sale to Melvin Quave of certain trees standing on his lots at agreed price of $30.00 per thousand feet log scale, which timber was to be hauled to the sawmill of W. A. Chandler who paid Mc-Dougall for the timber. Quave to whom Mr. McDougall sold the timber cut not only the timber from McDougall’s lots but also cut timber on Lots adjoining his property, but owned by the Plaintiff.
The Defendant, Chandler filed exceptions of no cause and no right of action on January 21, 1955 which on argument and submission was sustained as to the Defendant, Chandler, and the Plaintiff given 15 days within which to amend his petition to make the proper parties defendant, and upon failure to do so his suit be dismissed and the same was dismissed as to the Defendant, W. A. Chandler, at his costs.
Subsequently, on February 4, 1955 Plaintiff filed a supplemental and amended petition alleging that Chandler Lumber Company was a co-partnership consisting of Mrs. Inez Chandler, Mrs. Albert Alford, both residents of Mississippi, and the said William A. Chandler, a resident of St. Tammany Parish. Subsequently, on February 25th the Chandler Lumber Company filed exceptions of vagueness and again on February 25th filed a plea of prescription. These exceptions were argued on October 21, 1955 and on November 21st, 1955 the Court sustained the plea of vagueness and ordered Plaintiff to amend his petition to show the log scale cut from the property in question, and the price of said timber, and presumably overruled the other exception. The Plaintiff was given 15 days in which to amend his petition. On December 2nd 1955 Plaintiff filed a supplemental and amended petition, amending Paragraph 4, and adding thereto that 59 trees of various diameter were cut with estimated board feet volume Scribner log rule of sawmill timber cut at 8894 feet with a stumpage value of $259.60. On January 16, 1955 Chandler Lumber Company, a co-partnership composed of William A. Chandler, domiciled in St. Tammany Parish, Louisiana and Mrs. Inez Chandler, wife of J. W. Alford, and Mrs. Carrie Schrack Parker, wife of Charles Chandler, both residents of the State of Mississippi filed an answer denying in general the allegations of the original and two supplemental and amended petitions of *540 the Plaintiff but admitting that it did manufacture into lumber certain pine trees removed from a part of the property described in Plaintiff's petition. They further alleged that they purchased certain timber which according to their information and belief came from part of the property described in Plaintiff’s petition, from one Melvin Quave and in the alternative that the timber was purchased for its account by the same Melvin Quave from the Defendant, Lindsay McDougall, who claimed to be the owner of a part of the land described in Plaintiff’s petition, and from which a part of the timber purchased is claimed by Plaintiff to have been removed. The Defendant, Lindsay Mc-Dougall, filed his answer on June 15, 1953 denying the indebtedness, admits that he had no authority to go on land owned by Plaintiff and denied that he or anyone in his employ or acting for him, or under his direction, had trespassed on the land of Plaintiff. He further sets up he is the owner of Lots 3, 4, and 5 of Square 1014 of the Subdivision of New Covington, and that he sold certain timber on said lots to Melvin Quave on a stumpage basis and that the timber was cut and removed to the sawmill operated by Chandler Lumber Company • and in due course he was paid for said timber by the Chandler Lumber Company.
He further alleges that if any timber was cut and removed from any lands of the Plaintiff such cutting was not done by him or by anyone acting for him, or under his directions, and he had no knowledge of such cutting. Mr. McDougall answered the supplemental and amended petition on December 21st, 1956 denying the allegations of the supplemental petition and alleging that if any trees were cut from land of petitioner such cutting was done through no fault of his. The case was assigned' for trial on March 8th 1957 and on December 17th, 1957 the Court by written reasons rendered Judgment in favor of the Plaintiff, Robert E. Coleman, and against the Defendant, Lindsay Mc-Dougall, in the full sum of $700.00 and rendered Judgment in favor of the Defendant, Chandler Lumber Company, and against Plaintiff dismissing Plaintiff’s suit as to said Defendants at Plaintiff’s costs.
Motion for a new trial and rehearing was filed by Lindsay McDougall and the Court on January 30th, 1958 granted a limited rehearing in this matter and recalled its Judgment of December 17th, 1957 setting it aside. The case was argued on April 9th 1958 on the limited .rehearing and on May 14th, 1958 the Court rendered Judgment for written reasons in favor of the Plaintiff and against Lindsay McDougall in the sum of $700.00 and in favor of the Plaintiff and against Chandler Lumber Company, a co-partnership, composed of William A. Chandler, Mrs. Inez Chandler, wife of Mr. J. W. Alford, and Mrs. Carrie Schrack ■ Parker, wife of Charles Chandler, in the sum of $259.60 reserving to said parties their right against Lindsay McDougall and Melvin Quave and taxing the Defendants with the costs. On June 25th, 1958 a second limited rehearing was granted by the Court on Motion of the Attorney for the Defendant, Lindsay McDougall. The 'matter was submitted by consent to the Court, and the Court rendered the same Judgment it had rendered on May 14th, 1958.
From this Judgment the Defendant, Lindsay McDougall has filed a Suspensive and Devolutive Appeal and the Plaintiff, Robert E. Coleman has filed a Devolutive Appeal. The Defendant Chandler Lumber Company, has filed an answer to the Appeal, taken by Robert E. Coleman on the question of the amount rendered against it, namely $259.60. Mr. McDougall filed an answer to the Appeal taken by Mr. Coleman and asked for a Judgment of non-suit.
Both Mr. McDougall and Chandler Lumber Company, through their attorneys, have filed Briefs in this matter. The Plaintiff-Appellant, Robert E. Coleman, has not filed any Brief.
*541 The Defendant, McDougall, in his Brief abandoned his Suspensive Appeal after the Plaintiff’s Devolutive Appeal and simply filed an answer to Plaintiff’s Appeal.
The Court will take up the question of Mr. McDougall’s liability first. The Trial Judge awarded a Judgment of $700.00 against Mr. McDougall based on the testimony of Mr. J. Morris McNeely. Mr. McNeely testified that he appraised the property of Mr. Coleman with the trees at $4000.00 and without at $3300.00, making a difference of $700.00. He concludes that this difference represented the damage to Plaintiff’s property.
The man who actually did the cutting and removing, Melvin Quave, was not made a party to the suit but on the contrary was used by the Plaintiff as a witness in his behalf. The Trial Judge found in his reasons for Judgment that Mr. McDougall did not act in legal bad faith, or in moral bad faith. There is no evidence of any conspiracy or bad faith, and in the absence of either of these the Plaintiff could not recover for damages for marring or destroying beauty and symmetry of the property. (See Sanders De Hart v. Continental Land & Fur Company, 205 La. 569, 17 So.2d 827). The Trial Court did not render any Judgment against Mr. McDougall for the stumpage value of the timber removed which the Court feels would have been the proper measure of damages.
In action for damages caused by cutting timber from land of another, the trespasser in absence of bad faith is only answerable for stumpage value of timber cut. J. A. Bentley Lumber Co. v. Anderson-Post Hardwood Lumber Co., La.App., 6 So.2d 239.
Mr. McDougall discovered shortly after the, alleged cutting and removal that his check was' for an amount in excess of what he considered due, and he wrote Mr. Coleman on May 1st, to this effect. He offered to make an amicable adjustment with Mr. Coleman. This offer was •refused. (See Coleman’s Exhibit No. 3).
M.r. McDougall in his Brief asked for reversal of Judgment and the suit be dismissed as in case of non-suit, or in the alternative that there be judgment in favor of the Plaintiff only for the stumpage value of the timber cut by the Defendant if the Court can determine such value from the evidence.
There is no question but what the Defendant, Chandler Lumber' Company was purchaser in good faith. The lower Court so held in its written reasons and gave Judgment against it far the stumpage value of the timber cut.
The lower Court relied on the testimony of Mr. Ben Ñaman. Mr. Ñaman fixed the stumpage value of the timber at $259.60’ but he failed to identify from which lots the timber had been cut. He testified that he examined the stumpage on Lots 1 and 2.
Mr. Quave in his testimony, and he was a witness for the Plaintiff, testified that he cut timber only on Lots 1 through 5. He was entitled to cut on Lots 3, 4, and 5 under his contract with Mr. McDougall. However, on cross-examination he admitted that he cut timber only on Lots 1 and 5.
In as much as the estimate which is the basis of the stumpage value does not show the timber that was cut on Lot 1 as separated from Lot 2 and the testimony of Mr. Quave that he cut the timber on Lots 1 and 5, and inferred that he did not cut any on Lot 2 the Court does not feel that the Plaintiff had proven his case to a legal certainty as to the amount of timber cut on the land owned by the Plaintiff.
In suit for damages for timber cut by Defendants from neighbor’s land and from Plaintiff’s land, failure to prove to a legal certainty the amount of timber cut from Plaintiff’s land, trial court was not justi *542 fied in prorating, and proper judgment was one of non-suit. Ott v. Fornea, 224 La. 36, 68 So.2d 749.
For these reasons the Court will reverse the Judgment of the Lower Court and render Judgment dismissing Plaintiff’s suit against Chandler Lumber Company, and its individual partners; and dismiss the suit in so far as Lindsay Mc-Dougall is concerned in case of non-suit, all at Plaintiff’s costs.
Judgment reversed.