CULPEPPER, Judge.
This is a suit for damages to plaintiffs’ land caused by defendant’s wrongful removal of dirt therefrom. The district judge awarded plaintiffs $3,740. Defendant appealed. Plaintiffs also appealed, seeking an - increase in the award.
The approximately 40-acre strip of land in question is located about 3 miles south of the city of Alexandria. It fronts about 2800 feet on U. S. Highway 165, and has a depth of 600 feet. Although the land is low, swampy and wooded, it has a present value for commercial use, there being several commercial establishments located on similar land in the immediate vicinity along the highway.
Several years ago the Levee Board dug a canal and deposited a large amount of spoil dirt on one end of plaintiffs’ land. The defendant, Slocum, who is in the dirt hauling business, obtained permission from the Levee Board president to remove dirt from this spoil bank. During June of 1964 Slocum actually removed 4,425 cubic yards of dirt before plaintiffs learned of these activities and brought them to a halt.
The sole issue on appeal is the quantum of damages. The trial court awarded a stipulated item of $200 for the cost of clean-up operations, and $3,540 for the cost of replacing the 4,425 yards of dirt on plaintiffs’ property. This amounts to 80^ per cubic yard of dirt.
The essential issue is whether the measure of damages used by the trial court was proper. Defendant contends that since he was in good faith, thinking he had lawful permission from the Levee Board to remove the dirt, he should be obligated to pay only the price for which the dirt could have been sold in place on plaintiffs’ property, i. e., 5^ or 10$5 per cubic yard. On the other hand, plaintiffs contend the trial judge properly allowed the cost of replacing the dirt, but urge that $1.30, instead of 80^, per cubic yard is justified by the evidence.
The general rule is that compensatory damages are recoverable for offenses and quasi offenses such as the one in *466 volved here. This simply means that a person who suffers loss by the negligence of another is entitled to such damages as will replace the loss, or make him whole, and this is true even though the wrongdoer was in good faith. Grandeson v. International Harvester Credit Corporation, 223 La. 504, 66 So.2d 317; Franklin v. Arkansas Fuel Oil Company, 218 La. 987, 51 So.2d 600; LSA-C.C. Article 2315. The proper measurement of these damages varies, depending on the facts and circumstances of the particular case.
In the recent case of East v. Pan American Petroleum Corporation, 168 So.2d 426 (3rd Cir.1964), the defendant, a good faith trespasser, excavated a large amount of dirt in digging a canal across plaintiffs marsh land in Cameron Parish. The cost of replacing this marsh dirt on plaintiff’s land would have been about $50,000, an amount greatly in excess of the value of the land itself and of any loss suffered. We denied plaintiffs claim for the cost of replacing the marsh dirt and affirmed the trial court award of $5,217 as fair and adequate to compensate the landowners for the loss sustained.
In the East case, supra, we held that no hard and fast rule can be laid down for the measurement of damages caused by the removal of dirt from the property of another. 15 Am.Jur. 515, Verbo Damages, Sec. 107. In some cases the proper measure is the cost of replacing the dirt on plaintiffs property. Joseph v. Netherton Company, 136 So.2d 556 (3rd Cir.1962). In others, the measure of damages is the sale value in place of the dirt removed. DeHart v. Continental Land and Fur Company, 205 La. 569, 17 So.2d 827; Amite Gravel & Sand Company v. Roseland Gravel Company, 148 La. 704, 87 So. 718; Derbofen v. T. L. James & Company, 148 So.2d 795, 1 A.L.R.3d 793 (4th Cir.1962). Other methods also may be proper under the circumstances.
With these legal principles in mind, let us examine the particular facts of the present case. Plaintiffs testified that they planned to use this pile of dirt to fill low places, in order to sell the land for commercial or residential purposes. The expert realtor, Mr. Donald L. Chambers, corroborated plaintiffs in this regard, by testifying that the other commercial establishments along the highway had found it necessary to haul in fill dirt in order to use the property.
Under these circumstances, it is proper to measure the damages which plaintiffs have suffered by the cost of replacing the dirt which was removed. Before selling their property for commercial or residential purposes, plaintiffs will be faced with the necessity of hauling in new dirt or, if plaintiffs do not do so, then any prospective purchaser would probably deduct from the price which he is willing to pay, the cost which he will necessarily have to incur in filling the land.
Although there is some conflict in the testimony as to the cost of buying dirt elsewhere and hauling it to plaintiffs’ property, the evidence clearly supports the trial court’s award of 80‡ per cubic yard. As we stated in East v. Pan American Petroleum Corporation, supra, much discretion must be left to the trial judge in the assessment of damages. Certainly there has been no abuse of such discretion in this case.
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.